PHILADELPHIA & READING RY. CO. v. SHERMAN.

(Circuit Court of Appeals, Second Circuit. February 15, 1916.)

No. 181.

1. REMOVAL OF CAUSES ⊙➔112—OBJECTION TO JURISDICTION OF STATE COURT.

Objections as to the jurisdiction of a state court over the subject-matter may be taken advantage of at any time in a federal court after removal thereto.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 238; Dec. Dig. ⊙➔112.]

2. REMOVAL OF CAUSES ⊙➔119—RESIDENCE OF PLAINTIFF IN STATE—QUESTION FOR JURY.

In a suit by a purported resident of New York against a Pennsylvania railroad for injuries, removed to the federal court on the ground of diversity of citizenship, whether plaintiff was a bona fide resident of New York, entitling him to sue in the courts thereof, so that the state court originally had jurisdiction of the suit, was for the jury; the question depending on the fact of his intention in taking up residence in New York and the surrounding circumstances.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 252; Dec. Dig. ⊙➔119.]

In Error to the District Court of the United States for the Eastern District of New York.

Suit by William Sherman against the Philadelphia & Reading Railway Company. To review a judgment for plaintiff, defendant brings error. Judgment reversed, and new trial ordered.

Armstrong, Brown & Purdy, of New York City (Pierre M. Brown, of New York City, of counsel), for plaintiff in error.

J. C. Robinson, of New York City, for the defendant in error.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. The plaintiff was struck and injured by one of defendant's trains at a street crossing in the city of Shamokin, Pa., and he brought suit to recover damages in the Supreme Court of the State of New York for Richmond County. The defendant appeared specially to remove the cause to the District Court of the United States for the Eastern District of New York and in its petition alleged that it was a corporation of the state of Pennsylvania and a resident and citizen of that state and that the plaintiff "claims to have been at the time of the commencement of this action and since a resident, citizen and inhabitant of the state of New York." There was no such allegation in the complaint and so far as the plaintiff's citizenship is concerned it was untrue. However, the cause was removed upon the strength of the defendant's allegation. In direct contradiction thereof the answer set up as an independent defense:

"Fourth. That neither at the time of said accident nor at the time of the commencement of this action was the plaintiff a resident, citizen and inhabitant of the state of New York, but at all such times said plaintiff was and now is a resident and inhabitant of the state of Pennsylvania. That the defendant is a foreign corporation, transacts no business in this state and has no property in this state, and this court has not and should not entertain jurisdiction of said action."

Though this defense might well have been more explicit, it seems to proceed upon the ground that the state court had no jurisdiction of the subject-matter of the action under section 1780, Code of Civil Procedure, which reads:

"Sec. 1780, (Am'd. 1913)  *When Foreign Corporation may be Sued.*  An action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action.  An action against a foreign corporation may be maintained by another foreign corporation, or by a nonresident, in one of the following cases only:

"1. Where the action is brought to recover damages for the breach of a contract made within the state, or relating to property situated within the state, at the time of the making thereof.

"2. Where it is brought to recover real property situated within the state, or a chattel, which is replevied within the state.

"3. Where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state.

"4. Where a foreign corporation is doing business within this state."

It appeared at the very outset of the trial on the plaintiff's examination that he was an alien, a citizen of Russia and lived in Staten Island when the action was begun.  On cross-examination he said that he left Pennsylvania because he could no longer work as a miner on account of his injury; that he came to Staten Island to get light work; that he had lived between there and Brooklyn about two months before he brought his action and would have stayed there if he could have got work, but four or five days thereafter he went to Jersey City where he did find employment and had lived ever since. Thereupon the defendant moved to dismiss:

"Upon the ground that upon the plaintiff's own showing that he is not such a resident of New York as justifies him in bringing this suit here."

At the close of the plaintiff's case the defendant again raised the question of jurisdiction in a quite unintelligible form:

"Defendant moves to dismiss: 1st. Court has no jurisdiction over subject action of defendant."

Upon the close of the whole case the defendant moved:

"Mr. Brown: I will now make a motion to dismiss the complaint and for the direction of a verdict for the defendant, upon the ground that it is now apparent that the plaintiff was not at the time of the commencement of the action and is not now such a bona fide resident of the state of New York as entitles him to sue in the courts of New York."

This did present definitely the objection as to jurisdiction over the subject-matter because the plaintiff was not such a bona fide resident of the state of New York as to be entitled to sue a foreign corporation in the courts of that state on a cause of action arising without the state.  But the court evidently and not unnaturally, as we think from the way the subject had been presented throughout the case, still thought of the objection as being to the jurisdiction of the person of the defendant within the federal statutes:

"Mr. Brown: Now, about this question of residence, the reason that I have in a great many of these cases asked that that question be submitted—and it has always been granted—is that that would be the first question that the

jury would determine. If they determine that he just came for the purpose of suing, that would end the case.

"The Court: No. A man being an alien, has a right to bring suit in any state, if the defendant comes into court. He simply brings his action and you remove it into this court for hearing. If he has made misstatements about it, that goes to his credibility and nothing else. I will deny the motions so as to leave the question to the jury.

"Mr. Brown: I except, and I except also to the ruling of the court that the question of residence is only one for the purpose of attacking the credibility of the plaintiff."

[1] Objections as to the jurisdiction of the state court over the subject-matter may be taken advantage of at any time, De Lima v. Bidwell, 182 U. S. 174, 21 Sup. Ct. 744, 45 L. Ed. 1041, in which Mr. Justice Brown said:

"Did the question of jurisdiction raised by the demurrer involve only the jurisdiction of the Circuit Court as a federal court, we should be obliged to say that the defendant was not in a position to make this claim, since the case was removed to the federal court upon his own petition. It is no infringement upon the ancient maxim of the law that consent cannot confer jurisdiction, to hold that, where a party has procured the removal of a cause from a state court upon the ground that he is lawfully entitled to a trial in a federal court, he is estopped to deny that such removal was lawful, if the federal court could take jurisdiction of the case or that the federal court did not have the same right to pass upon the questions at issue that the state court would have had, if the cause had remained there. Defendant neither gains nor loses by the removal, and the case proceeds as if no such removal had taken place. Cowley v. Northern Pacific Railroad Co., 159 U. S. 569, 583 [16 Sup. Ct. 127, 40 L. Ed. 263]; Mansfield Railway Co. v. Swan, 111 U. S. 379 [4 Sup. Ct. 510, 28 L. Ed. 462]; Mexican Nat. Railroad v. Davidson, 157 U. S. 201 [15 Sup. Ct. 563, 39 L. Ed. 672]. This, however, is more a matter of words than of substance, as the defendant unquestionably has the right to show that the state court had no jurisdiction, or that the complaint did not set forth facts sufficient to constitute a cause of action. This we understand to be the substance of the defense in this connection."

The Court of Appeals of New York has held that the objection that the plaintiff is not a resident of the state in such a suit does go to the subject-matter, Robinson v. Oceanic Steam Navigation Co., 112 N. Y. 315, 324, 19 N. E. 625, 627 [2 L. R. A. 636], Earl, J., saying:

"It is not sufficient that a nonresident plaintiff should, by any service of process or in any other way, obtain jurisdiction of a foreign corporation; but before the action can be maintained, in any court of this state, there must also be jurisdiction of the subject-matter of the action. Jurisdiction of the action cannot be conferred upon the court by any consent or stipulation of the parties. The objection to the jurisdiction in such case may be taken at any stage of the action, and the court may, ex mero motu, at any time, when its attention is called to the facts, refuse to proceed further and dismiss the action. Cooley's Const. Lim. 398; Davidsburgh v. Knickerbocker L. Ins. Co., 90 N. Y. 526. In the case cited Danforth, J., said: 'There are no doubt many cases where the court having jurisdiction over the subject-matter may proceed against a defendant who voluntarily submits to its decision; but where the state prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants, for in such a case the particular condition or status of the defendant is made a jurisdictional fact.' "

[2] The question of the plaintiff's residence was one of intention to be drawn not only from his testimony as to intention but from the surrounding circumstances. It was for the jury, not being a pure

question of law but depending upon facts. The jury might find residence on less evidence in the case of an unmarried and disabled laboring man looking for light work than they would in the case of a man with a family, well to do and accustomed to a permanent domicile.

The objection made by the defendant is a substantial one and although it should have been pleaded more specially and brought more clearly to the attention of the trial judge than it was, we feel obliged to reverse the judgment and order a new trial.