204

## LANE v. UNION TERMINAL CO. et al.
### No. 3578—834.

District Court, N. D. Texas, Dallas Division.
Oct. 9, 1935.

Leachman & Gardere, of Dallas, Tex., for plaintiff.

Frank L. Mulholland, of Toledo, Ohio, and John H. Crooker and Carl G. Stearnes, both of Houston, Tex., for defendants Estes & Felton.

John C. Robertson, of Dallas, Tex., for Terminal Co.

ATWELL, District Judge.

On October 3 there came on for hearing two motions. The first was a motion to dismiss. The second was a motion to set aside the injunction granted in the state court. At the conclusion of the argument, the court was of the opinion that the state court, being a court of general jurisdiction, had the right to hear the controversy, and that, since that court had such right, a motion to dismiss should be overruled.

The bill filed in the state court shows that all of the parties, plaintiff and defendants, are residents of Texas. The plaintiff claims that his position with defendant Terminal Company is at hazard because of certain orders which the defendants Estes & Felton have secured from the Railway Adjustment Board, at Chicago, which Adjustment Board is a creation of the Railway Labor Act of June 21, 1934, 48 Stat. 1185 (45 USCA § 151 et seq.). He also pleads a series of conferences over a mix-up that had resulted by the advancement of himself and the defendants, Estes & Felton, and a subsequent replacement of the three into their original positions. That this wrangle was finally submitted to the Board of Mediation, which went out of existence under the terms of the act of 1934. That the dispute was renewed before the Adjustment Board, upon ex parte representations of the defendants Estes & Felton, which resulted in an order directing the defendant Terminal Company to displace the plaintiff from his position as gateman. A copy of that award is attached to the bill and is dated February 15, 1935. The bill attacks that order as illegal and void, and seeks injunctions to prevent the defendants Estes & Felton from undertaking to enforce the order of the Adjustment Board and the defendant Terminal Company from complying with such order. It also asks that the defendants Estes & Felton be enjoined from instituting, or causing to be instituted, any suit for the enforcement of the award. A decree is prayed declaring the award to be null and void, and that it be set aside by the court; that the defendants Estes & Felton be enjoined from enforcing it or from instituting any proceedings to prosecute or enforce the same, from prosecuting any suits for any penalties thereunder, and that the Terminal Company be similarly enjoined. Injunctions as prayed were issued by the state court.

Under the authority of such cases as General Investment Co. v. Lake Shore & Michigan Southern Railway Co., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244; Venner v. New York Central & H. R. R. Co., 177 App. Div. 296, 164 N. Y. S. 626, affirmed 226 N. Y. 583, 123 N. E. 893, certiorari refused 249 U. S. 617, 39 S. Ct. 391, 63 L. Ed. 803; Philadelphia & Reading Ry. Co.

v. Sherman (C. C. A.) 230 F. 814; De Lima v. Bidwell, 182 U. S. 1, 21 S. Ct. 743, 45 L. Ed. 1041; Cowley v. Northern Pacific R. Co., 159 U. S. 569, 16 S. Ct. 127, 40 L. Ed. 263, the defendants Estes & Felton asked the court to dismiss. The motion to dismiss was refused, and, I believe, properly so. But the injunction was modified and the case was allowed to remain on this docket.

There was no motion to remand, and, it appearing to the court, under the motions that were then presented, that it was not right to deny Estes & Felton the right to present their cause, in accordance with the national statute, the state court restraining order was so modified as to permit them to do that.

█ A more mature consideration of the cause leaves me somewhat in doubt, even as I was at the conclusion of the argument of the two motions, but I am of the opinion that it is a case in which the court must act of his own motion. When a lack of jurisdiction in the national court appears, during any stage of the proceeding, even though the question is not raised, the court will, sui sponte, so recognize and refuse to go forward.

Under the 1934 Railway Labor Act, this court is given the power, upon the request of a person for whose benefit an order is made, by the Adjustment Board, to enter judgment, and, by writ of mandamus or otherwise, enforce or set aside the order so entered.

The act is silent, in so far as authority is concerned, for any person to enter the national court, save and except the "petitioner," or "any person for whose benefit such order was made." The defeated has no right to enter court. He is given no privilege of court review. It must be assumed that the right of the court to "enforce the order or set aside the order" will be taken upon the application only of the parties who are permitted to enter court. In other words, one who is cast in a proceeding before the board has, so far as the act is concerned, no right to seek judicial inquiry or remedy, until and unless his employer shall refuse to carry out the order, in which event the petitioner before the board, or the parties succeeding before the board, may then come into the United States District Court, and in that court the party who lost before the board may, eventually, assert his position, and attempt

to have the court set the order aside. One must have been "a petitioner" or "a person for whose benefit an order is made" before he is given the right to come into court. Section 153 (p), title 45 USCA (Railway Labor Act 1934).

█ That such a provision is one-sided is insufficient ground to ignore it, or to read into it permission to another to sue. Jurisdiction is conferred by direct authority. The national court receives its right to hear from the Constitution or congressional act. It has no general right. It may be that the Congress thought that the public's interest in the settlement of railway disputes justified a law which would give the party who won from the Board the privilege of getting a court decree to enforce the victory, and thus prevent a stubborn employer from thwarting what arbitrators had done. But why speculate? The language is clear, and a court need go no further.

Unlike the cases cited by the defendants Estes & Felton, Lane does not rest for the equity powers which he invokes on the Railway Labor Act of 1934. He enters a court of general jurisdiction as a citizen, asking for his constitutional rights, not under the act nor by virtue of the act, but in spite of the act. The Clayton Act cases —the anti-trust suits—are, it appears to me, beside the question. In cases of that class, recovery was sought by virtue of the national law itself. Without such national statute, there was no right of recovery. The exclusive court in which such recovery could be had was mentioned in the act as being a court of the United States. There was therefore no right of action, save and except in that court.

The same may not be said of Lane's right as asserted here. He claims the right to labor. He claims certain seniority conditions. He claims to satisfy his employer. He claims that certain of his constitutional rights are about to be invaded. He seeks protection from such invasion against those whom he charges with the determination to trespass upon his rights in a court which has jurisdiction over the potential trespassers. That the alleged trespassers may be hiding behind a national statute does not limit Lane's right to enter the court of his choice. He has a right to sue where he pleases. Such right is itself invaluable.

█ It appears to me that the court should set aside the order entered on October 3,

modifying the injunction of the state court, and leave the parties to their remedies there for such modification as may appear appropriate to that court. Furthermore, that the court should remand this case to the state court. All of the parties are residents of the state, and there is no such right sought, either by the plaintiff or by the defendants under the law as framed and the pleadings as shaped, that gives this court jurisdiction over that controversy.

An order may be drawn setting aside the order heretofore issued and remanding the case to the state court.