### ADAMS et al. v. NEW YORK, C. & ST. L. R. CO.

### No. 7414.

Circuit Court of Appeals, Seventh Circuit.

May 20, 1941.

As Modified on Motion to Dismiss Appeal June 24, 1941.

Glenn Griswold and Russell J. Wildman, both of Peru, Ind., for appellants.

Russell P. Harker, of Frankfort, Ind., for appellee.

Before EVANS and TREANOR, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

The District Court sustained a motion to dismiss appellants' complaint seeking a declaratory judgment defining their seniority rights as railroad employees, on the ground that exclusive jurisdiction to hear said complaint resided either in the National Railroad Adjustment Board or the National Mediation Board, under the Railway Labor Act, 45 U.S.C.A. § 151 et seq. From the order of dismissal, plaintiffs appeal.

The complaint alleged: The seven plaintiffs are employees of the Lake Erie & W. Railroad with seniority rights on its Sandusky Division, under a contract between the Order of Trainmen and the Road, bearing date, April 1, 1924. This road was merged first in the "Nickle Plate" and later with the "Cloverleaf Road," these mergers occurring about April 5, 1923. The employees of "Cloverleaf" were thereupon used on Lake Erie Road in disregard of, and to the prejudice of, plaintiffs' seniority rights, whereby they were deprived of steady employment and given seniority rights of inferior value. They alleged that the now-preferred Cloverleaf employees have not served on the Cloverleaf Road as long as plaintiffs had served on the Lake Erie Road. Diversity of citizenship and a sufficient jurisdictional amount were also alleged.

There were two issues: one technical, the other, substantive. The former relates to a lack of a "statement of points" (Rule 75(d), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c) and is urged as a ground of dismissal of this appeal. The latter raises the serious legal problem of whether the Railway Labor Act, in providing specifically for an administrative forum to determine controversies like the one here presented, impliedly deprived the Federal District Court of jurisdiction, which it otherwise would have had under the diversity of citizenship statute.

I. Dismissal of Appeal. The appellants furnished no statement of points. Rule 75(d) provides:

"If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he *shall* serve with his designation a concise statement of the points on which he intends to rely on the appeal."

While the dictum in the case of Keeley v. Mutual Life Ins. Co., 7 Cir., 113 F.2d 633, 636, states that:

"It follows from what we have said that if our present rule 9 [relative to statement of points] had been in force at the time that the instant appeal was taken *it would be necessary to dismiss the appeal.* * * * [we go on to say—] and as already stated *the purpose of the particular provisions which have been violated by appellant is to protect the appellee against an inadequate record on appeal.* Appellee, however has not suggested that her cause on appeal was in any way prejudiced by the failure of appellant to either serve, or file with the clerk, a concise statement of the points to be relied upon on appeal. *In the absence of any claim of injury, we do not feel justified in dismissing the appeal.*"

In the instant case there was no basis for claim of injury or prejudice or surprise on the part of appellee due to lack of knowledge as to the points which would be pressed on appeal. The only pleadings filed were the complaint (to which were attached two exhibits which have not been included in the record on this appeal) and the motion to dismiss, which was granted.

The motion to dismiss was grounded on four precise specifications, and the District Court's judgment was entered on the first two. The appellants' notice of appeal recited that the appeal was taken from the judgment predicated on the motion to dismiss, on the grounds of the first

two specifications. These specifications challenged the jurisdiction of the District Court to hear the controversy because the administrative boards had *exclusive* jurisdiction under the Railway Labor Act to hear such disputes. Therefore, the appellee was fully apprised of the sole issue to be raised by this appeal. It needed (nor do we) no statement of points to inform it of what it would have to meet on this appeal. It could have suffered no prejudice by the failure of the appellants to furnish a statement of points.

Furthermore, Rule 73(a) provides:

"When an appeal is permitted by law * * * a party may appeal * * * by filing with the district court a notice of appeal. *Failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal,* but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the appellate court deems appropriate, *which may include dismissal of the appeal.*"

See also Miller v. United States, 117 F. 2d 256, decided by this court, December 20, 1940.

The motion to dismiss is denied.

### On Motion to Dismiss Appeal.

EVANS, Circuit Judge.

The opinion of this court announced May 20, in the above entitled appeal is hereby withdrawn except the part thereof which relates to the dismissal of the appeal, which is adopted, the same as if restated, in this opinion, and the motion to dismiss the appeal is denied.

■■■ Upon the merits, in view of the decision of the United States Supreme Court, in Earl Moore v. Illinois Central Railroad Company, 61 S.Ct. 754, 85 L.Ed. ——, decided March 31, 1941, the order of the District Court sustaining the defendant's motion to dismiss plaintiffs' complaint, was erroneous; the complaint should stand. In view of the Supreme Court's clarifying language as to the intended scope of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., we can definitely state that the employees' action may be brought, at their election, either in a court, or settled by the administrative remedies prescribed by said Act.

The judgment is

Reversed.