**WATSON v. MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS et al.**

No. 4283.

Court of Civil Appeals of Texas. El Paso.

April 22, 1943.

Rehearing Denied May 13, 1943.

358

Robert B. Holland and Strasburger, Price, Holland, Kelton & Miller, all of Dallas, for appellant.

Charles C. Huff, G. H. Penland, Touchstone, Wight, Gromley & Touchstone, Katherine C. Weinberg, and Weinberg & Weinberg, all of Dallas, and Clarence M. Mulholland and Mulholland, Robie & McEwen, of Toledo, Ohio, for appellees.

McGILL, Special Commissioner.

This is an appeal from a judgment of the District Court of Dallas County, 14th Judicial District.

■ We adopt the "Statement of the Nature of the Case" as set forth in appellant's brief, which is accepted by appellees.

This is an injunction suit instituted by appellant against the Missouri-Kansas-Texas Railroad Company of Texas, to enjoin it from fixing appellant's seniority date at August 1, 1936, instead of June 15, 1923, to which suit E. F. Lee, E. L. Owens, J. S. Slaydon, and F. A. Elliott, fellow employees of appellant, were made parties defendant in order that their rights might be adjudicated.

The appellee, Missouri-Kansas-Texas Railroad Company of Texas, answered setting up in detail the facts with respect to appellant's employment, pointing out that the machinists' union had asked it to change appellant's seniority date from June 15, 1923, to August 1, 1936, but that it did not agree with the contentions of the union and declined to do so, after which the matter was presented by the union to the National Railroad Adjustment Board.

System Federation No. 8, Railway Employees Department, A. F. of L., and certain of its officers intervened and plead the award of the National Railroad Adjustment Board, established by an Act of Congress, Title 45, Section 153, U.S.C.A., fixing appellant's seniority date at August 1, 1936, in accordance with its contentions, and plead that the trial court had no jurisdiction to entertain appellant's suit.

The individual appellees hereinabove named filed an answer adopting the answer of the intervener union.

The case was tried upon its merits before the court without a jury, and at the conclusion of all of the testimony the court sustained the pleas to the jurisdiction filed by the intervener union, and dismissed appellant's case.

Appellant's motion for new trial was overruled; and appellant duly perfected his appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas. By Equalization Order of the Supreme Court, this case was transferred to this court.

For convenience, we shall hereafter refer to the Missouri-Kansas-Texas Railroad Company as the "Railroad," System Federation No. 8, Railway Employees Department, A. F. of L., as the "Union," and the National Railroad Adjustment Board as the "Board."

The points on which the appeal is predicated challenge the action of the court in sustaining the Union's plea to the jurisdiction of the court and in failing to render judgment in favor of appellant against all of appellees fixing his seniority status at June 15, 1923, and enjoining appellee Railroad from changing his seniority status from June 15, 1923.

The court filed "Findings of Fact and Conclusions of Law" as follows:

### "Findings of Fact

"1. Plaintiff John Henry Watson is a resident of Dallas County, Texas. The defendant Missouri-Kansas-Texas Railroad Company of Texas is a corporation, incorporated under the law of Texas.

"Defendants E. F. Lee, E. L. Owens, J. S. Slaydon and F. A. Elliott are residents of Dallas County, Texas, and Intervener System Federation 8, Railway Employees Department, is a non incorporated association, a Federation of Craft Unions of the American Federation of Labor.

"2. Plaintiff last entered the service of the Missouri-Kansas-Texas Railroad Company of Texas on June 15, 1923.

"E. F. Lee entered the employment of the said railroad on July 1, 1923.

"J. S. Slaydon entered the employment of said railroad on August 5, 1923.

"That E. L. Owens and F. A. Elliott were likewise employed by defendant railroad company.

"And that E. L. Case was employed on September 4, 1922.

"That all of said employees were employed as machinists in the engine house at Dallas, Texas. That all except plaintiff Watson were members of System Federation Number 8.

"3. That on or about October 16, 1922, a certain agreement was made and entered into by and between the Missouri-Kansas-Texas Railway Company, the Missouri-Kansas-Texas Railroad Company of Texas, and C. E. Shaff, receiver, predecessors in interest of the defendant railroad company and Missouri-Kansas-Texas Association of Metal Craft and Car Department employees, which was in force and effect on June 15, 1923. It contained the following provision with reference to seniority:

"'Rule 11—Seniority. Seniority of employees covered by this agreement shall be confined to each department (locomotive, back shop, car back shop and rip track, train yard and inspection force of round house) at point employed in each of the classes embraced herein. At points where forces are under separate supervision, separate seniority lists will be maintained and subdivided as follows:

"'Craft          Subdivision
Machinists      Machinists
                Machinists Helpers.'

"The said rule was incorporated, without substantial change, in subsequent agreements between the defendant railroad company and the bargaining agent of its employees, effective respectively on October 16, 1923, November 16, 1924, January 1, 1926, January 1, 1927, and March 1, 1929.

"On September 26, 1934 the defendant railroad company entered into an agreement with the Railway Employees Department of the American Federation of Labor, which contained the following provision:

"'It is agreed that until changed in accordance with the provisions of the Railway Labor Act, rates of pay and rules governing working conditions as set forth in the current agreement with the Missouri-Kansas-Texas Association of Shop Employees will continue in effect.'

"This last agreement continued in effect until September 1, 1938, when a new agreement was executed by and between the railroad company and the System Federation Number 8, the then selected representative of all shop craft employees of the railroad company. Said agreement contains the following provision:

"'Seniority rule 24(a). Seniority lists will be compiled as of January 1st of each year for each craft and seniority subdivision thereof as listed hereunder. Seniority dates shall be considered as permanently established if not protested in writing within 30 days from time of posting.

**360**

" '(b) Seniority of employees covered by this agreement shall be confined to each department (locomotive back shop; car back shop; rip track, train yard and inspection forces; round house) at point employed in each of the classes embraced herein. At points where forces are now under separate supervision separate seniority lists will be maintained and subdivided as follows:

" 'Craft        Seniority Division
'Machinists    Machinists
               Machinists–Rule 43 B
               Apprentices
               Helpers.'

"4. The plaintiff and individual defendants and E. L. Case were shop craft employees and their seniority rates are determined by the above contracts.

"5. The plaintiff received 72 cents per hour, the top rate, under the then agreement, at the beginning of his employment on June 15, 1923. He was reduced to 58 cents per hour on October 16, 1923, which he received until April 1, 1924, at which time it was increased to 63 cents. On May 15, 1924 it was increased to 68 cents. On January 1, 1927 to 70 cents; on March 1st, 1929 to 75 cents; and on August 1, 1936 it was increased to 81 cents, the top rate. During all of said time plaintiff has performed the duties of a regular machinist.

"6. E. L. Case was first employed by the defendant railroad company as a machinist on September 4, 1922 at a rate of pay of 70 cents an hour. On November 16, 1922 his pay was increased to 72 cents, the top rate. On October 16, 1923 it was reduced to 68 cents per hour. On November 6, 1924 it was increased to 74 cents per hour, the top rate. On October 16, 1926 it was reduced to 68 cents. On January 1, 1927 it was increased to 70 cents; on March 1, 1929 to 75 cents, and on January 1, 1932 to 81 cents, the top rate.

Case's seniority date is carried as of September 4, 1922.

"7. J. S. Slaydon was employed by the railroad company August 5, 1923 and has been continuously employed since that time. He received top rate pay as a machinist until November 23rd, when he was reduced to 68 cents per hour. Three or four months later he went back to top rate. His seniority date is carried as of August 5, 1923.

"8. The seniority roster for machinists was posted at the round house of the de-

fendant railroad and at all times since 1923 the names have been in the following order:

Case
Watson
Lee O
Owens
Slaydon
Elliott
Mays

"9. System Federation Number 8 protested plaintiff's seniority as of June 15, 1923 with the railroad company and upon the refusal of the railroad company to change plaintiff's seniority, System Federation Number 8 referred the question to the National Railroad Adjustment Board. Said board having been organized under the provisions of the Railway Labor Act and having jurisdiction of disputes between the railroad and its employees. The Board accepted jurisdiction and after considering the case, award was made sustaining the position of the System Federation and fixing plaintiff's seniority date as August 1, 1936.

"Plaintiff, however, was not given notice of these proceedings and upon application of System Federation No. 8 the case was re-opened and notice given. Upon reconsideration, the former award was affirmed on December 19, 1940.

"10. John Henry Watson filed this suit and a temporary injunction was issued enjoining the railroad company from carrying out the provisions of the award. Thereafter suit was filed in the District Court of the United States for the Northern District of Texas for the purpose of enforcing the award. This suit was dismissed without prejudice and thereafter on October 27th, 1941 the National Railroad Board issued an order to the railroad company, directing it to put into effect the award on or before November 15, 1941.

"The railroad company failed to comply with this order, but it was stipulated in this case that the order would have been complied with if it had not been for the temporary injunction issued in this case.

"Conclusions of Law

"1. I conclude that plaintiff's seniority date is June 15, 1923.

"2. I conclude that this court is without jurisdiction to determine this cause on account of Title 45 U.S.C.A. Section 153."

The above findings of fact are not challenged.

It further appears from the undisputed evidence that appellant did not participate in any negotiations between the Union and the appellee Railroad with reference to his seniority; that he did not participate in any of the proceedings before the Board, although on October 20, 1941, he advised the Board by letter that in the event any further action in the matter was contemplated by the Board he desired to be heard. Prior to the request by the Union for a rehearing before the Board, appellant filed this suit, and on August 6, 1940, obtained a temporary injunction restraining the Railroad from applying the award. It also appears that after the order of the Board of October 27, 1941, the Union again filed suit in the District Court of the United States for the Northern District of Texas, Dallas Division, against the Railroad and appellant for enforcement of the award, and that after the judgment herein was rendered on February 7, 1942, dissolving the temporary injunction theretofore issued, the appellee Railroad immediately complied with the award and order of the Board, and on its motion the suit in the United States District Court was dismissed without prejudice on February 11, 1942.

█ We have no doubt that the dispute here involved is a dispute between a carrier and a group of its employees within the purview of the Railway Labor Act, Title 45 U.S.C.A. § 153(i), and that the Board had jurisdiction of the controversy before it. Indeed, it may be questioned whether appellant was an "employee involved" in such dispute within the meaning of § 153(j). Estes v. Union Terminal Co., 89 F.2d 768, at page 774, (Circuit Court of Appeals, 5th Circuit, concurring opinion of Judge Hutcheson).

The controversy had its inception because of divergent views of the Carrier and the Union relative to the interpretation of the contract of employment as to appellant's seniority status. The Carrier, as shown by its original answer filed herein, contended that appellant's seniority date as a machinist was fixed as June 15, 1923; while the Union contended it was fixed as August 1, 1936. This was the position of the parties before the Board, and, as we understand the pleadings, it is their position here. The fact that after the award of the Board the Carrier was willing to comply with it without the necessity of an enforcement suit, and did comply with it as soon as the temporary injunction was dissolved, rather than take the risk of incurring expenses incident to an enforcement suit, does not in any manner affect the genuineness of the controversy or deprive the Board of jurisdiction in the first instance.

The case of Stephenson v. New Orleans & N. E. R. Co., 180 Miss. 147, 177 So. 509, cited by appellant, has no application to the facts here. There, the controversy was between employees of different carriers and not between a carrier and its employees.

█ In Moore v. Illinois C. R. Co., 312 U.S. 630, 61 S.Ct. 754, 756, 85 L.Ed. 1089, it was held in a suit for damages by an employee for wrongful discharge that the petitioner was not required by the Railway Labor Act to seek adjustment of his controversy with the railroad as a prerequisite to suit for wrongful discharge. The Court said: "For neither the original 1926 Act, nor the Act as amended in 1934, indicates that the machinery provided for settling disputes was based on a philosophy of legal compulsion. On the contrary, the legislative history of the Railway Labor Act shows a consistent purpose on the part of Congress to establish and maintain a system for peaceful adjustment and mediation voluntary in its nature."

█ In commenting on this decision the Circuit Court of Appeals for the Seventh Circuit, in Adams v. New York, C. & St. L. R. Co., 121 F.2d 808, 810, had this to say: "In view of the Supreme Court's clarifying language as to the intended scope of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., we can definitely state that the employees' action may be brought at their election, either in a court, or settled by the administrative remedies prescribed by said Act."

█ We think these decisions are controlling on the question of appellant's right to maintain this suit to enjoin an interference with his seniority status. He cannot be considered a party to the proceeding before the Board of which he had no notice before the Union made its request for a rehearing. Prior to that time, he had elected to invoke the jurisdiction of a court of competent jurisdiction to protect his rights.

As said by Judge Atwell in Lane v. Union Terminal Co., D.C., 12 F.Supp. 204, at page 205: "He enters a court of general jurisdiction as a citizen, asking for his constitutional rights, not under the act nor by virtue of the act, but in spite of the act."

■ His seniority rights which had been accorded him by the Railroad prior to the decision of the Board in the proceeding which he did not inaugurate and in which he did not participate were property within the meaning of the "due process" clause of the Fifth Amendment to the Federal Constitution. Griffin v. Chicago Union Station Co. D.C. N.D. Ill. E.D., 13 F.Supp. 722, citing Traux v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131, L.R.A.1916D, 545, Ann.Cas. 1917B, 283, and affirmed Nord v. Griffin, 7 Cir., 86 F.2d 481, certiorari denied 300 U. S. 673, 57 S.Ct. 612, 81 L.Ed. 879.

■ Under the decisions of Moore v. Illinois C. R. Co., and Adams v. New York C. & St. L. R. Co., supra, appellant had the right to elect not to participate in the proceedings before the Board, of which he had had no notice. This being so, the award, so far as he was concerned, was in violation of his rights under the due process clause of the Fifth Amendment, and it was the court's duty to award the injunction. Nord v. Griffin, supra.

Indeed, had he participated in the proceedings before the Board, we seriously doubt that the award would have had the effect of denying him his right to proceed in a court of competent jurisdiction to protect his seniority rights under the contract of employment. We think it at least doubtful whether by so doing he would "short-circuit" the administrative proceeding within the prohibition of the decision in Washington Terminal Co. v. Boswell, App.D.C., 124 F.2d 235, certiorari granted 315 U.S. 795, 62 S.Ct. 916, 86 L.Ed. 1197.

■ The Board and its divisions as constituted under the Railway Labor Act is not a tribunal which either in composition or procedure is of judicial or quasi-judicial nature. Washington Terminal Co. v. Boswell, supra, 124 F.2d at page 264, dissenting opinion of Associate Justice Stephens. It cannot enforce its awards, and they are not self-executing. Id., 124 F.2d at page 244.

The right to file suit for the enforcement of its awards is limited to awards "in favor of petitioner" (§ 153(o)), and to "the petitioner, or any person for whose benefit such order was made." § 153(p). If the award be against the petitioner, or if it be in favor of the petitioner and against the interest of other employees, no right of review is provided for. In Washington Terminal Co. v. Boswell, supra, it was held that the carrier was not denied due process of law because, if no suit was brought to enforce the award within the statutory period of two years, its rights were not affected thereby, and should such suit be brought, it could assert its rights in a judicial tribunal. Doubt was expressed, however, whether an employee who had submitted his case to the Board and received an adverse decision could maintain a suit for relief independent of the statute, and whether the statute, if applied literally to him, might be invalid. 124 F.2d at page 245.

■ As pointed out by the dissenting opinion, if appellant cannot maintain such a suit, whether he had notice of the proceedings before the Board or not, if the Carrier complies with the award, he may be deprived of substantial property rights, and is forbidden access to the courts to obtain a judicial determination of such rights. Id., 124 F.2d at page 274. That he alleged and proved a threatened invasion of his seniority rights warranting injunctive relief is apparent from his pleadings and the unchallenged "Findings of fact."

The judgment is reversed and the cause remanded.

This opinion directed to be written and is adopted by the court.

## On Appellant's Motion for Rehearing.

■ Appellant insists that this court should render judgment fixing his seniority status as of June 15, 1923, and enjoining the Missouri-Kansas-Texas Railroad Company of Texas from changing his status from such date. In the trial court he sought to perpetually enjoin the Railroad from enforcing the award of the National Railroad Adjustment Board dated July 10, 1940, and from fixing his seniority date at August 1, 1936, instead of June 15, 1923, and from depriving him of his present employment. The trial court did not pass on the merits of the case, but sustained intervener's pleas to the jurisdiction, dissolved the temporary injunction, and dismissed the case. There is nothing before us for review except the action of the trial court in dismissing the cause. This court is without jurisdiction to pass on the merits. Brown v. Aetna Casualty & Surety Co., 135 Tex. 583, 145 S.W.2d 171; 3 Tex.Jur. 1017, § 722.

■ Since, for the purposes of judgment, the findings of fact by the trial court have the force and effect of a verdict

by a jury (Williams v. Planters' & Mechanics' Nat. Bank, 91 Tex. 651, 45 S.W. 690; 41 Tex.Jur. 1274, § 399), in our opinion, upon remand of this cause, the trial court is authorized to follow the procedure approved in Brown v. Aetna Casualty & Surety Co., supra.

Appellant's motion for rehearing is overruled.

This opinion directed to be written and is adopted by the Court.