## KELLY v. NASHVILLE, CHATTANOOGA & ST. LOUIS RY.

### Civ. No. 603.

District Court, E. D. Tennessee, S. D.

Jan. 15, 1948.

Ben Duggan and Joe Wheless, both of Chattanooga, Tenn., for plaintiff.

Spurlock, Spears, Reynolds & Moore, of Chattanooga, Tenn., and Walton Whitwell, of Nashville, Tenn., for defendant.

DARR, District Judge.

By action heretofore taken only one defendant remains in the case, the Nashville, Chattanooga & St. Louis Railway.

Formerly the plaintiff was employed by the defendant as a locomotive engineer under the terms of a collective bargaining contract made on behalf of the plaintiff and others by the Brotherhood of Locomotive Engineers. Under the terms of this contract a charge of misconduct was made against the plaintiff, and a hearing was had by the defendant's officials resulting in his discharge.

The plaintiff makes the claim that he was wrongfully discharged and in connection therewith his character was defamed whereby he brings suit under Tennessee law for (1) breach of contract and (2) libel.

Prior to the institution of this suit, the plaintiff's grievance was submitted to the National Railroad Adjustment Board for settlement under the provisions of the Railway Labor Act, 45 U.S.C.A. § 151 et seq.

Now comes the defendant and seeks a summary judgment for dismissal insofar as the suit is based upon breach of contract upon the ground that the plaintiff had

elected to submit his complaints to the said Adjustment Board for settlement. In support of the motion for summary judgment the defendant has filed an affidavit and the deposition of the plaintiff taken for the purpose of discovery. No counter proof was offered by the plaintiff.

This case has been pending for sometime and has been once tried to a jury who failed to reach a verdict. The question now presented has been discussed from time to time during the pendency of the suit, but is now, for the first time, squarely presented for determination.

■ Plaintiff's attorneys have argued that the presentation to the National Railroad Adjustment Board of the plaintiff's grievance was not done by his request or consent, but in the plaintiff's said deposition he directly admits that he had taken his case to the Adjustment Board. In addition to this, he has stood by with knowledge and notice of what has been going on with reference to his claim. Elgin, J. & E. R. Co. v. Burley, on rehearing, 327 U.S. 661, 66 S.Ct. 721, 90 L.Ed. 928. Therefore, there can be no doubt of the plaintiff's initiation and maintenance of the proceedings for relief before the Adjustment Board.

■ The Railway Labor Act sets up a procedure and method by which an employee of a carrier who is aggrieved concerning his labor relations may submit his grievances to the Adjustment Board, but the remedy offered is not exclusive. Such employee may bring a suit at law to settle the dispute without first submitting the controversy to the Adjustment Board. Moore v. Illinois Central R. Co., 312 U.S. 630, 634, 61 S.Ct. 754, 85 L.Ed. 1089.

The question here is whether such employee, as is the plaintiff, may prosecute at the same time a suit at law in a court and a proceedings before the Adjustment Board concerning the same grievance.

■ The Railway Labor Act is especially set up whereby there may be voluntary adjustment of grievances like unto plaintiff's. The Adjustment Board may give complete relief by ordering the reinstatement of the employee without disturbance of his seniority and award him pay for all time lost. This directive of the Adjustment Board may be judicially reviewed and administered, the conclusions of the Board being prima facie evidence of its truthfulness. Therefore, the action of the Adjustment Board is not merely advisory. Elgin, J. & E. R. Co. v. Burley, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886.

■ The exact question here posed does not seem to have been judicially determined. But there are several cases discussing and deciding whether an aggrieved employee coming under said Act must exhaust his administrative remedy before he can be heard by a court. The courts have answered this question in the negative. Moore v. Illinois Central R. Co., supra.

However, in an equity case asking for injunctive relief and requiring interpretations of intricate agreements, the Supreme Court has announced that a District Court should stay the proceedings on the application for an injunction to give an opportunity for application to the Adjustment Board for an interpretation of the agreements. Order of Railway Conductors of America v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318. This decision recognizes the adequate authority and peculiar competency of the agency set up by the Railway Labor Act to settle such controversies.

The case of Washington Terminal Co. v. Boswell, 75 U.S.App.D.C. 1, 124 F.2d 235, affirmed 319 U.S. 732, 63 S.Ct. 1430, 87 L.Ed. 1694, has bearing upon the question presented. This case contains interesting discussion and comments on the history and effect of the Railway Labor Act. In this case the Adjustment Board had made an award. Thereafter and before the two years permitted by the Act for judicial review, the carrier brought a separate action seeking a declaratory judgment. The court concluded that the suit was premature as having been brought before the time had elapsed for the employees to institute suits for the enforcement of the award. This strongly implies the exclusiveness of the remedy provided by the Railway Labor Act after an election has been made to come thereunder.

Obiter dicta in two other cases are persuasive. In the case of Adams v. New York C. & St. L. R. Co., 7 Cir., 121 F.2d 808, 810, Senior Circuit Judge Evans, one of America's greatest jurists, speaking for the court, said: "In view of the Supreme Court's clarifying language as to the intended scope of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., we can definitely state that the employees' action may be brought, at their election, either in a court, or settled by the administrative remedies prescribed by said Act."

In the case of Southern Railway Co. v. Order of Railway Conductors, D.C., 63 F. Supp. 306, 308, District Judge Waring, in discussing the rights of persons benefited by the Railway Labor Act, announced: "I am of the opinion that if the matter is taken first before a court it will retain jurisdiction and carry the case through to an adjudication. If, however, the board has taken jurisdiction the court will not interfere."

To the same effect is a decision by the Court of Civil Appeals of Texas in the case of Watson v. Missouri-Kansas-Texas R. Co., 173 S.W.2d 357.

In the case of Washington Terminal Co. v. Boswell, supra, and in the first hearing of the case of Elgin, J. & E. R. Co. v. Burley, supra, the same judge writing both opinions, the question is posed and pretermitted as to the finality of the decision of the Adjustment Board if made adverse to an employee. If an employee may maintain a court action after an adverse decision of the Adjustment Board, then there might be some argument why this suit should be retained in court to save the bar of the statute of limitations.

But I am unable to see that this question has any serious import. The Railway Labor Act is one of optional remedies. An employee may take advantage of this remedy or may go to court. Should he voluntarily seek relief under the Act, he thereby is obligated to abide by its terms in the same manner as if he had contracted so to do. Cf. Switchmen's Union of North America et al. v. National Mediation Board et al., 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61; General Committee, etc., v. Missouri-Kansas-Texas R. Co., 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76.

After consideration of the cases herein cited and a contemplation of the Railway Labor Act and its purposes, I conclude that Congress created an agency, to be composed of experts upon questions that might arise, whereby grievances between carriers and employees may be settled justly and also place a minimum responsibility upon the courts.

If one who is aggrieved and entitled to the benefits of the Act places his grievance for adjudication by the Adjustment Board upon merit, his voluntary action thereby fixes exclusive jurisdiction. In other words, such person may take the remedies provided by the Act, or he may bring his suit in a court. He cannot do both. The award of the Board and the judgment of a court are equally final.

In the case at bar the plaintiff has carried his claim before the Adjustment Board to final hearing and the Board has the matter under advisement. This certainly is a definite showing of an election of remedies insofar as the element of time may be concerned.

Being of the opinion as indicated, the motion for summary judgment will be sustained and the plaintiff's cause of action seeking damages for breach of contract is dismissed with prejudice.

This adjudication is made with the understanding that the plaintiff has a petition and record before the Adjustment Board to which the defendant has appeared and made defense, all to the end that the Adjustment Board has taken jurisdiction to, and will, determine the grievance upon its merits. The plaintiff must have a hearing on the merits, either before the Board or in this court. The defendant has, at the court's request, filed further evidence to the effect that the proceedings before the Adjustment Board will be determined upon merit.