BLOCKER v. LAWRENCE.

No. 15162.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 6, 1950.

Rehearing Denied Nov. 10, 1950.

Donald & Donald, of Bowie, for appellant.

H. G. Woodruff, of Decatur, for appellee.

HALL, Justice.

On November 17, 1948, appellant W. O. Blocker filed this suit in the district court of Wise County, Texas, against appellee C. A. Lawrence, to restrain appellee from locking a gate and closing a passageway which appellant alleges he was using for travel to and from his lands situated on either side of appellee's lands; on said date, the trial court in chambers entered its fiat restraining appellee Lawrence from locking said gates in question, and setting a hearing on said temporary restraining order for November 22, 1948 at 1:30 P. M.

Appellee filed his lengthy answer on November 22, 1948.

Nothing appears in the transcript other than said answer filed until May 15, 1950, when the court, after a hearing, entered an order denying plaintiff injunctive relief and dissolving the temporary restraining order theretofore entered. It is from this order appellant appeals, complaining in the main that the judgment, though confusing in its terms, is in the form of a final judgment and therefore he is prevented from trial by a jury upon the merits.

We have carefully examined the judgment dated May 15, 1950, and find some of its phraseology indicating that the court may have tried the case on its merits, but as a whole we construe said judgment to be an interlocutory order, denying appellant injunctive relief upon the temporary hearing.

Since both parties in their brief and in their oral argument before this court admit that said hearing was upon the temporary restraining order to determine whether or not same should continue until a hearing upon its merits, and since we have construed the terminology of said judgment to be interlocutory in character, the only question before us is whether the trial court abused its discretion in entering the order appealed from.

The appellate court will not disturb the trial court's order granting or refusing a writ of injunction unless it is

clearly shown that the trial court has abused its discretion in the matter. We have read most of the testimony in this case and find the evidence to be conflicting and under such conditions it has been held many times that the appellate courts will not disturb the trial court's order. See 24 T. J., p. 313, sec. 253; Rudd v. Wallace, Tex.Civ.App., 232 S.W.2d 121.

Since the question has been raised whether the order appealed from was a final judgment on the merits, or merely an interlocutory order refusing a temporary injunction, we expressly construe the order as an interlocutory one, and not as a final judgment on the merits. We affirm it as we construe it, which is also to say that the case shall stand for trial on the merits. We do not pass on the merits but hold only that the court did not abuse its discretion in refusing the temporary injunction.

The order appealed from, as we have construed it, is affirmed.