Beverly G. MUELLER, Appellant,

v.

C. Stanley BANKS et al., Appellees.

No. 13368.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 22, 1958.

Rehearing Denied Nov. 19, 1958.

Robt. H. Rice, San Antonio, for appellant.

House, Mercer & House, James D. Cunningham, San Antonio, for appellees.

BARROW, Justice.

This suit was filed by appellant, Beverly G. Mueller, as plaintiff, against C. Stanley Banks, individually and as executor under the will of Henry Mueller, deceased, and Raymond Hood, temporary administrator of the estate of Henry Mueller, deceased, in trespass to try title, seeking judgment for the title and possession of certain lots in the City of San Antonio, Bexar County, Texas, and for damages for the detention of the property. The petition was in the usual form of a trespass to try title action.

The defendant Banks filed his answer consisting of a general denial and a plea of not guilty, and thereafter filed an instrument that has been denominated "Motion to Dismiss," in which he alleged that in Cause No. F–97,909, in the 57th District Court of Bexar County, the issue of the title to said real estate was litigated in favor of the estate of Henry Mueller, deceased; that said judgment was appealed and affirmed by this Court, 300 S.W.2d 762, and writ of error refused, n. r. e.; that by reason thereof, said judgment in said cause operates as an estoppel to any further litigation of the title to the real estate sued for in this cause.

Upon these grounds, defendant Banks moved to dismiss the suit. This motion was granted by the trial court and the suit dismissed.

This appeal is from that judgment. No statement of facts accompanies the record, and for reversal appellant relies upon one point:

"The error of the Court in dismissing this suit without hearing evidence, because Plaintiff's petition was in all things sufficient under the law, and the Defendant by plea of 'not guilty' had joined issue."

We have considered appellant's point, notwithstanding it is multifarious.

 In this action, both appellant and appellee have briefed, and orally argued before this Court, that the trial court heard evidence. This Court may consider such admissions. Blocker v. Lawrence, Tex.Civ. App., 233 S.W.2d 457; Houston Transit Co. v. Goldston, Tex.Civ.App., 217 S.W.2d 435; Parks v. Francis, Tex.Civ.App., 202 S.W.2d 683; Watson v. Missouri-Kansas-Texas R. Co. of Texas, Tex.Civ.App., 173 S.W.2d 357. Therefore, if the court did hear evidence, in the absence of a statement of facts, we must presume that it heard evidence which supports the judgment. The burden to bring forward the statement of facts, where evidence was heard and the matters presented here concern the proof, is upon the one who complains. Appellant has not done that in this case, and the presumptions will therefore be in support of the judgment. Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363; Amberson v. Wheeler, Tex.Civ.App., 312 S.W.2d 438; Kavanagh v. Holcombe, Tex. Civ.App., 312 S.W.2d 399; Baker v. Rutherford, Tex.Civ.App., 293 S.W.2d 669.

Under said point, appellant argues that the matters set up in appellee's motion are pleas in bar and not matters of abatement or discontinuance.

 The record affirmatively shows that the parties appeared and announced ready for hearing on said motion, and that appellant made no objection to such procedure. The parties knew what issue was being tried and participated in the hearing; they willingly submitted a separate issue of fact to the trial judge for his decision prior to the trial of the cause on its merits. We think the nomenclature is of slight importance. Whatever may have been the name given to the proceedings, the parties in fact tried an issue as provided in Rule 174(b), Texas Rules of Civil Procedure, and that procedure was correct. Hernandez v. Light Publishing Co., Tex.Civ.App., 245 S.W.2d 553; Meridith v. Massie, Tex.Civ. App., 173 S.W.2d 799. The fact that the court dismissed the suit rather than entering a final take nothing judgment against appellant, which was authorized, did not result in any harm to appellant, therefore, he is in no position to complain. Rule 434, T.R.C.P.

The judgment is affirmed.