## BERRYMAN v. PULLMAN CO.

### No. 1280.

District Court, W. D. Missouri, W. D.

Nov. 6, 1942.

John J. Coull, of Kansas City, Mo., for plaintiff.

Lathrop, Crane, Reynolds, Sawyer & Mersereau, and John H. Lathrop, all of Kansas City, Mo., for defendant.

COLLET, District Judge.

This action, instituted in this Court, is for the recovery of wages and the re-instatement of plaintiff in the employ of defendant in the position plaintiff formerly held as a pullman porter. Jurisdiction is predicated upon diversity of citizenship.

Plaintiff alleges that he at all times faithfully performed his duties as a pullman porter, that defendant on November 14, 1940, without just cause or excuse discharged him, and that ever since he has been able, willing and ready to faithfully perform the duties of his former position. He tenders his services in that capacity.

The defendant filed a motion for summary judgment. In support of that motion it is asserted under oath that plaintiff was employed by defendant as a pullman porter prior to November 14, 1940, but on the latter date he was discharged for insubordination, insolence and neglect of duty. The affidavit further shows that plaintiff, represented by his duly authorized representative, the Brotherhood of Sleeping Car Porters, was duly accorded a hearing before the defendant's District Superintendent on the charge presented, prior to his discharge, that at this hearing evidence was presented by both plaintiff and defendant, the testimony was recorded and transcribed and the District Superintendent found the evidence substantiated the charges and ordered plaintiff's discharge. It further appears that thereafter plaintiff by and through his representative, the Brotherhood of Sleeping Car Porters, appealed to the Zone Superintendent of the

defendant company, a conference was held, the record examined and considered, and the District Superintendent's action affirmed. Thereafter, plaintiff, again through his same representative, appealed to the Assistant to the Vice-President of defendant company, another conference was held, the record again examined and considered and the action of the District Superintendent again affirmed. It appears that all of these proceedings were in compliance with the provisions of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., and the agreement between the defendant Pullman Company and the porters, attendants and maids in the service of the Pullman Company in the United States and Canada, represented by the Brotherhood of Sleeping Car Porters, a copy of which agreement was attached to the affidavit. Thereafter plaintiff presented his claim to the Third Division of the National Railroad Adjustment Board, which Board heard the complaint in the manner provided by the Railway Labor Act and in a formal award, a certified copy of which was attached to the affidavit, found that the evidence disclosed no grounds for disturbing the action of the defendant and denied plaintiff's claim. The affidavit further states that the claim presented to the National Railroad Adjustment Board was the same claim upon which the present action is based. There was no denial whatever of the facts stated in this affidavit and no request for a hearing for the purpose of offering parol evidence. The facts alleged in the affidavit therefore stand admitted.

Defendant's position is that the controversy has been finally settled by the award of the National Railroad Adjustment Board.

■ While it is conceded that the remedy provided by the Railway Labor Act is not exclusive, Moore v. Ill. Central Ry. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, the Act does provide that the award of the Adjustment Board "shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award." 45 U.S.C.A. § 153(m).

■ The award of the Adjustment Board contained no money award. It did determine that plaintiff was discharged because of and as a result of his own misbehavior. That finding is made final by the statute. There is no room for a subsequent inquiry into the same question by the Courts. But by the present action plaintiff seeks to have the Court do just that. He voluntarily submitted the dispute to the Adjustment Board, got its decision and cannot now ignore it.

The motion for summary judgment is sustained. Formal judgment will be entered accordingly.