## RAMSEY v. CHESAPEAKE & O. R. CO.
### Civ. No. 5709.

District Court, N. D. Ohio, W. D.

Feb. 18, 1948.

Leo Krawetz and A. E. J. Doman, both of Toledo, Ohio, for plaintiff.

Williams, Eversman, Middleton, Leatherman & Black, of Toledo, Ohio, for defendant.

KLOEB, District Judge.

This matter is before the Court upon the motion of defendant for summary judgment, supported by affidavits, attached to which are copies of proceedings before the National Railroad Adjustment Board, before which the plaintiff was duly represented, containing the plaintiff's Ex Parte Submission, dated June 12, 1946, the Carrier's Response to Ex Parte Submission, with exhibits, and the Carrier's Oral or Rebuttal Presentation, with exhibits. No affidavits were filed in opposition thereto.

This case is based on alleged violation by the defendant of the Railway Labor Act, 45 U.S.C.A. §§ 152, 153, on the ground of claimed discriminations against the plaintiff because of his Union activities. Sec. 152, Subdivision "Fourth", upon which the grievance of the plaintiff is based, provides: " * * * No carrier, its officers, or agents shall deny or in any way question the right of its employees to join, organize, or assist in organizing the labor organization of their choice, and it shall be unlawful for any carrier to interfere in any way with the organization of its employees, * * * ".

The jurisdiction of the Board of the grievances of the employee is given by the

provisions of 45 U.S.C.A. § 153, subd. (i), reading as follows: "(i) The disputes between an employee or group of employees and a carrier or carriers *growing out of grievances* or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, * * * may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes." (Emphasis supplied.)

There is no agreement involved in this case.

The grievances of the plaintiff reached the National Railroad Adjustment Board, Fourth Division, on appeal. The finding of the Board, dated August 28, 1946, is attached to and made a part of the amended bill of complaint. The opinion states that the claim and request involved was— "that said Glenn Ramsey be reinstated in his former position as Yard Patrolman with pay for all time lost and with seniority rights unimpaired."

The opinion of the Board states:

"It appears that there is no written contract between the National Council, Railway Patrolmen's Union, A. F. of L., and the respondent carrier, and hence no question of violation or interpretation of contract is involved in this proceeding.

"The *sole charge* is that the carrier discharged Yard Patrolman Glenn Ramsey for union activities in violation of Paragraph 4 of Section 2 of the Railway Labor Act.

"It is sufficient to say that the accusation is not substantiated by the evidence. On the contrary, the record shows that the carrier made repeated efforts to induce Ramsey to accept the position at Columbus, to which it assigned him, and his refusal to do so left the carrier no alternative but to dismiss him." (Emphasis supplied.)

The Board further found "upon the whole record and all the evidence" that the carrier and employee involved in the dispute were such within the meaning of the Railway Labor Act; that it had jurisdiction "over the dispute involved herein",

and that the parties to the dispute were given due notice of hearing thereon.

It is the contention of counsel for the defendant, in support of motion for summary judgment, that this finding and decision of the Board is final and conclusive upon the parties. In support they cite the case of Berryman v. Pullman Co., D.C.Mo., 1942, 48 F.Supp. 542, which does not seem to have reached the higher courts on review. It was there held:

"1. The remedy provided by the Railway Labor Act by submission of dispute to the adjustment board is not exclusive, but once a dispute is submitted to the board an award made is final except in so far as it contains a money award. Railway Labor Act, § 3(m), 45 U.S.C.A. § 153(m).

"2. Under provision of Railway Labor Act that award of adjustment board is final and binding upon both parties to dispute except in the case of a money award, where pullman porter who had been dismissed submitted dispute to adjustment board which upheld dismissal and no money award was contained in award, the award of the adjustment board was 'final' precluding a subsequent inquiry into the same question by the court. Railway Labor Act, § 3(m), 45 U.S.C.A. § 153(m)."

Counsel for plaintiff admit that, so far as the question on the discharge of the plaintiff is concerned, if that were the only question involved, the decision in the Berryman case would apply. However, they claim that there are other grounds of discrimination alleged in the bill of complaint on which the plaintiff has not had his day in court and which he is entitled to assert in this action.

Counsel for plaintiff contend that the claim of plaintiff before the National Railroad Adjustment Board was (1) "Whether or not plaintiff was discharged by defendant because of his Union activities in violation of the Railway Act", and (2) "Whether or not plaintiff was entitled to be reinstated to his former position as Yard Patrolman, with pay for time lost, with his seniority rights unimpaired", and that the amended bill of complaint presents to the Court here a different claim, to wit,

(1) "That the defendant company discriminated against the plaintiff after he joined the Railway Patrolmen's Union on March 4, 1940, to such an extent that it paid plaintiff $20.00 per month less than it paid to the employees doing the same character of service than it paid to plaintiff, and that because thereof there is due plaintiff the sum of $1,700.00", and (2) "That because of the discriminatory conduct of the defendant, after plaintiff had joined said Union, it assigned him to the worst work trick shift it had, the work trick shift from 6 P.M. to 2 A.M., that it did not provide him transportation expenses for said trick, though it granted $15.00 per month for such an expenditure to a fellow employee who was then and there working said work trick shift with the plaintiff".

In answer thereto counsel for the defendant urged that plaintiff asserted his present claim that he was paid $20.00 a month less than other employees doing the same work on pages 1 (par 7), 2 (pars.1-8), 6 (par. 7) and 8 (par. 2) of his "Ex Parte Submission", which was answered on pages 7-9 of defendant's "Oral or Rebuttal Presentation", and on pages 8 and 9 of its "Carrier's Response to Ex Parte Submission"; and that plaintiff's claim that he was improperly assigned to the worst work shift was presented to the Board on page 4 (par. 2), page 5 (par. 1), and page 8 (par. 4), of plaintiff's "Ex Parte Submission" to the Board, which was answered by defendant on page 13 of "Carrier's Oral or Rebuttal Presentation"; and that plaintiff asserted his claim that he was improperly denied a monthly transportation allowance on page 3 (par. 4) of his "Ex Parte Submission", which claim defendant answered on page 14 of "Carrier's Oral or Rebuttal Presentation".

■ There seems to be no question but that the Board had jurisdiction of all of the grievances of the plaintiff set forth in his amended bill of complaint, under the provisions of 45 U.S.C.A. § 153, subd. 1(i), supra.

Reference to the statements referred to in the submission to the National Railroad Adjustment Board indicates that all of the grievances of the plaintiff were presented to the Board, although the Board in its opinion does not seem to have made specific findings upon all the facts involved.

It would seem that, having presented his grievances to the Board, the plaintiff was bound by its decision under the language of Sec. 153, subd. 1(m), reading as follows:

"(m) The awards of the several divisions of the Adjustment Board shall be stated in writing. A copy of the awards shall be furnished to the respective parties to the controversy, *and the awards shall be final and binding upon both parties to the dispute*, except insofar as they shall contain a money award. In case a dispute arises involving an interpretation of the award, the division of the Board upon request of either party shall interpret the award in the light of the dispute." (Emphasis supplied.)

■ This seems to be in accord with the general law on the subject of res judicata: "The general rule is that a former adjudication settles all issues between the parties that could have been raised and decided as well as those that were decided. Covington & Cincinnati Bridge Co. v. Sargent, 27 Ohio St. 233; City of Cincinnati v. Emerson, 57 Ohio St. 132, 48 N.E. 667; Northern Pacific Ry. Co. v. Slaght, 205 U.S. 122, 130, 27 S.Ct. 442, 51 L.Ed. 738." Bolles v. Toledo Trust Co., 1940, 136 Ohio St. 517, 520, 27 N.E.2d 145, 147.

■ In addition to the case of Berryman v. Pullman Co., supra, relied upon by counsel for defendant, we find the recent case of Kelly v. Nashville, C. & St. L. R. R. Co., D.C.Tenn., 75 F.Supp. 737 Darr, J. In this case, the plaintiff was employed under the terms of a collective bargaining contract with a brotherhood of locomotive engineers. There the plaintiff made the claim that he was wrongfully discharged prior to the institution of his suit. The plaintiff's grievance was submitted to the National Railroad Adjustment Board for settlement under the provisions of the Railway Labor Act, 45 U.S.C.A. § 151 et seq. The defendant moved for summary judgment, and filed an affidavit and the deposition of the plaintiff in support. The Court held that the plaintiff made an election of

remedies, warranting dismissal of his Court action based on the same grievance, saying:

"The Railway Labor Act sets up a procedure and method by which an employee of a carrier who is aggrieved concerning his labor relations may submit his grievances to the Adjustment Board, but the remedy offered is not exclusive. Such employee may bring a suit at law to settle the dispute without first submitting the controversy to the Adjustment Board. Moore v. Illinois Central R. Co., 312 U.S. 630, 634, 61 S.Ct. 754, 85 L.Ed. 1089 * * *.

"The Railway Labor Act is especially set up whereby there may be a voluntary adjustment of grievances like unto the plaintiff's. The Adjustment Board may give complete relief by ordering the reinstatement of the employee without disturbance of his seniority and award him pay for all time lost * * *. The exact question posed here does not seem to have judicially determined. * * *

"After consideration of the cases herein cited and a contemplation of the Railway Labor Act and its purposes, I conclude that Congress created an agency, to be composed of experts upon questions that might arise, whereby grievances between carriers and employees may be settled justly and also place a minimum responsibility upon the Courts.

"If one who is aggrieved and entitled to the benefits of the Act places his grievance for adjudication by the Adjustment Board upon merit, his voluntary action thereby fixes exclusive jurisdiction. In other words, such person may take the remedies provided by the Act, or he may bring his suit in a Court. He cannot do both. The award of the Board and the final judgment of a Court are equally final."

The case of Williams v. Atchison, T. & S. F. Ry. Co., Mo.Sup., 204 S.W.2d 693, is also in point. This was a suit for violation of seniority rights as locomotive fireman. The Court there held: "Where railroad fireman participated until final disposition in proceedings held to determine fireman's seniority and proceedings were in accordance with regulations for locomotive fireman which constituted the collective bargaining agreement between railroad and its fireman, and then presented his claim to National Railroad Adjustment Board and the board decided against fireman, fireman was not denied due process of law and could not litigate the same question in the courts". 45 U.S.C.A. §§ 151, 152, 153(m).

In support of its holding, the Court cited Washington Terminal Co. v. Boswell, 75 U.S.App.D.C. 1, 124 F.2d 235, affirmed 319 U.S. 732, 63 S.Ct. 1430, 87 L.Ed. 1694, and Berryman v. Pullman Co., D.C. 48 F. Supp. 542, 543.

To the same effect is Austin v. Southern Pac. Co., 1942, 50 Cal.App.2d 292, 123 P.2d 39 where it was held: "Where railway employee made election to invoke jurisdiction of Adjustment Board to determine question of his seniority rights, award or determination of board was final and conclusive. Railway Labor Act, § 3(m), 45 U.S.C.A. § 153(m)."

In view of the foregoing, it would seem that the motion for summary judgment should be sustained.

Defendant may file Findings of Fact and Conclusions of Law in accordance with this Opinion within 10 days, and the plaintiff may have 5 days thereafter in which to file any objections or suggested additions thereto.