## HECOX v. PULLMAN CO.
### No. 2090.

United States District Court
W. D. Washington, N. D.
March 19, 1949.

Howard J. Thompson and Marvin Mohl, Seattle, Wash., for plaintiff.

Grosscup, Ambler & Stephan, Ben C. Grosscup, John Ambler, Albert E. Stephan, Pendleton Miller, Richard P. Moser, Seattle, Wash., for defendant.

BOWEN, Chief Judge.

Effective April 10, 1945, defendant discharged plaintiff from defendant's employment of him as a Pullman conductor because of alleged mistreatment by him of a passenger.

As provided by the Railway Labor Act, 45 U.S.C.A. § 151 et seq., and by Rules 46, 47, 48 and 49 of the working agreement in effect in 1945 between the Pullman Company and its conductors, plaintiff obtained a hearing before the District Superintendent of the Pullman Company who, upon the evidence submitted to him by plaintiff and the Pullman Company, confirmed the action of the Pullman Company in discharging plaintiff. Thereafter, plaintiff, pursuant to Rule 47 of the working agreement, appealed to the Assistant to the Vice-President of the Pullman Company who considered the record of the proceedings before said District Superintendent and affirmed the latter's action and further refused plaintiff's reinstatement. Later plaintiff presented to the Third Division of the National Railroad Adjustment Board his claim for reinstatement to his former position of Pullman conductor with seniority rights unimpaired and with compensation for all time lost and said Board conducted a hearing in all respects as provided by said Railway Labor Act and in a formal award found that it had jurisdiction of the dispute involved; that the evidence in the record disclosed no grounds for disturbing defendant's action in discharging plaintiff; and denied his claim.

Plaintiff brings this action to recover judgment against defendant in the sum of $75,000 general damages, or, in the alternative, to obtain an order restoring plaintiff to his former position as conductor in the service of the defendant Pullman Company and clearing his record of the charges made by defendant against him, restoring his seniority and other rights unimpaired by such charges together with a money judgment for $15,000 as compensation for his wages lost since April 10, 1945, the date of his discharge.

In his complaint for such relief, plaintiff alleges that he was wrongfully discharged by the defendant in violation of the working contract in effect between the plaintiff and the defendant and in violation of the Railway Labor Act in that defendant's discharging plaintiff from defendant's employment took effect before plaintiff was granted a hearing before the National Railroad Adjustment Board. Plaintiff further in effect alleges that he has lost property rights and has suffered and will suffer damages in the sums mentioned unless he is restored to his former position and unless his record is cleared from the charges made by defendant and unless his seniority and other rights are restored to him unimpaired and unless he is compensated for lost wages.

In all of said proceedings, plaintiff was represented in the manner provided by said working agreement and said Railway Labor Act and the facts and issues presented at each and all of the hearings above mentioned were expressly made or by necessary implication were identically the same as the issues presented in the case at bar.

Section 153(m), Title 45 U.S.C.A., Railway Labor Act, in part provides: " * * * A copy of the awards shall be furnished to the respective parties to the controversy, and the awards shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award. * * *" No money award was contained in the award here in question and the other statutory conditions necessary to put the award into effect were complied with.

Defendant moves for summary judgment contending that all of the issues tendered by plaintiff's complaint herein were issues presented to and decided by the National Railroad Adjustment Board, Third Division. Plaintiff in opposition to that motion contends among other things that although the Board decided the issue of fair hearing, that issue was not before it. Plaintiff, however, does not call to the

Court's attention any facts in the record justifying that contention.

"The award of the Adjustment Board contained no money award. It did determine that plaintiff was discharged because of and as a result of his own misbehavior. That finding is made final by the statute. There is no room for a subsequent inquiry into the same question by the Courts. But by the present action plaintiff seeks to have the Court do just that. He voluntarily submitted the dispute to the Adjustment Board, got its decision and cannot now ignore it." Berryman v. Pullman Co., D.C., 48 F.Supp. 542, 543. See also Kelly v. Nashville, etc. Ry., D.C., 75 F.Supp. 737; Washington Terminal Co. v. Boswell et al., 75 U.S.App.D.C., 124 F.2d 235; Ramsey v. Chesapeake & O. R. Co., D.C., 75 F.Supp. 740.

The motion for summary judgment will be granted. Order may be settled upon stipulation or notice.