**NEW ORLEANS PUBLIC BELT RAILROAD COMMISSION v. WARD.**

No. 12886.

United States Court of Appeals,
Fifth Circuit.

May 26, 1950.

Michel Provosty, New Orleans, La., for appellant.

Bentley G. Byrnes, New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and WALLER, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging that under date of December 3, 1948, the National Railroad Adjustment Board, 3rd Division, Docket C. L. 4023, Award No. 4204, had made an award[1] in favor of appellee, defendant below and that because thereof a controversy existed between it and defendant, appellant brought this suit for a declaratory judgment.

Claiming: that the award was a money award and, therefore, under the provisions of the Railway Labor Act, 45 U.S.C.A. §

1. Ordering that she be returned to service with seniority rights unimpaired, and that she be paid at the schedule rate of her position for each working day she has been allegedly withheld from service, less any amount earned by her in any other employment.

151 et seq., as amended, was not final and binding upon plaintiff; that the defendant, Mrs. Ward, had demanded of plaintiff that the award be put into effect; that the plaintiff had in reply asked her certain questions in respect of her claim which she had not answered; and, pointing out that defendant was contending that the award was binding upon plaintiff while plaintiff was contending that it was not, the complaint charged that an actual controversy exists requiring the court to interpret the award and to determine whether or not it is binding upon plaintiff.

The prayer of the petition was that a judgment be rendered:

"1. Decreeing that the refusal on the part of Public Belt to reinstate Mrs. Ward to her former position was not in violation of the Railway Labor Act, as amended, and was justified and warranted and constituted no breach of any obligation by Public Belt to Mrs. Ward.

2. Further decreeing that no wages whatever, or any other amount, are due by Public Belt to Mrs. Ward.

3. Further decreeing that Mrs. Ward has no right to reinstatement in the employment of Public Belt with or without any seniority or any other rights.

4. Further decreeing that the said Mrs. Ward has no rights, claims or demands against Public Belt growing out of or in any way connected with her prior employment by Public Belt.

5. Further decreeing that the award by the National Railroad Adjustment Board is not final and binding on Public Belt.

6. Further rendering such other judgment, decrees and orders as may be proper and equitable in the premises.

7. Further decreeing that Public Belt be awarded such costs as may be incurred in this proceeding."

Defendant appeared by motion to dismiss for lack of jurisdiction,[2] and the motion coming on to be heard, it was sustained and the cause was dismissed.

Appellant is here insisting that, in declining to take jurisdiction and dismissing the suit, the court erred.

We do not think so. While in its brief and in oral argument, appellant makes considerable point of its effort to obtain from appellee a statement of the amount claimed by her to be due, no question of the amount due under the award was submitted to the court for decision.

On the contrary, the only controversy really put up to the court was whether plaintiff was bound by, and must obey, the award. In short, the only question presented here for decision is, May a court after an award has been rendered by the Board against a defendant carrier, entertain a suit for declaratory judgment as to the correctness and binding effect of the award?

We think it quite plain that the court below correctly answered the question in the negative. The statute under which the award was made[3] makes specific provision for hearings and awards, and subsec. 1 (m)[4] provides that, except as to a money

2. "Defendant moves the Court to dismiss the action on the ground that the Court lacks jurisdiction over the subject matter, and that plaintiff has failed to state a claim upon which relief can be granted, for the reason that Plaintiff Carrier has brought this suit for a declaratory judgment to set aside an award under the Railway Labor Act, 45 U.S.C.A. Sec. 151 et seq.

"Defendant avers that the Railway Labor Act excludes such suits by specifying enforcement suits solely as a method of review and specifically gives this right only to the individual in whose favor the award was granted; that the Statute does not permit a suit in equity to set aside an award or enjoin its enforcement by the Carrier. That therefore this Honorable Court is without jurisdiction over the subject matter, as above stated."

3. 45 U.S.C.A. § 153.

4. "(m) The awards of the several divisions of the Adjustment Board shall be stated in writing. A copy of the awards shall be furnished to the respective parties to the controversy, and *the awards shall be final and binding upon both parties* to the dispute, except insofar as they shall contain a money award. *In case a dispute arises involving an interpretation of the award, the division of the Board upon request of either party shall interpret the award in the light of the dispute.*" (Emphasis supplied).

award, they shall be final and binding, and that in case of a dispute involving an interpretation of the award, the division of the Board shall interpret the award. Subsec. 1 (p) [5] does provide for a suit on the award, by the petitioner or any person for whose benefit such order was made, but the law contains no provision for a suit by a carrier to interpret or construe the award or set it aside.

It is plain, we think, that plaintiff's suit presented no justiciable controversy requiring or admitting of a declaratory judgment. To the extent that the suit sought an interpretation of the award, the statute has prevented this being done by making exclusive provision for its interpretation by the Board. To the extent that it sought to set the award aside, the statute has prevented this by its provision that the award is final and binding.

Finally, if, contrary to the whole tenor of the suit, it could be considered as one on a money award, this would not help appellant, because the suit was not *brought, as provided in the statute, by the petitioner or by any person for whose benefit the order was made.* That no case for declaratory judgment is presented has already been precisely determined against the contention of appellant in Boswell's case.[6] It has been recently again determined in principle by the Supreme Court in the case of Marion Slocum v. Delaware, Lackawanna & Western Railroad Co., 339 U.S. 239, 70 S.Ct. 577, 584. It is true that in that case the suit was brought in the state court and before the Board had acted, instead of, as here, in the federal court and after it had acted, but the language and scope of the decision is conclusive authority for the view that we take, that the complaint does not present a justiciable declaratory judgment controversy. The opinion of the dissenting judge, on page 8, makes this plain:

"Throughout this opinion I have assumed that the Court means only to impose a requirement of primary recourse to the Board. But that inevitably means many litigants would be deprived of access to the courts. The extent of judicial review of awards other than money awards is doubtful, and it is highly questionable whether even a money award can be reviewed in the courts if only the carrier wishes review. Most important, the statute provides no relief for a petitioning party—be he union, individual or carrier—against an erroneous order of the Board."

The district judge was right in refusing to exercise the invoked jurisdiction. His judgment is

Affirmed.

WALLER, Circuit Judge (dissenting in part).

I think the lower Court had jurisdiction to render a declaratory judgment in this

---

5. "(p) If a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner, or any person for whose benefit such order was made, may file in the District Court of the United States for the district in which he resides or in which is located the principal operating office of the carrier, or through which the carrier operates, a petition setting forth briefly the causes for which he claims relief, and the order of the division of the Adjustment Board in the premises. Such suit in the District Court of the United States shall proceed in all respects as other civil suits, except that on the trial of such suit the findings and order of the division of the Adjustment Board shall be *prima facie* evidence of the facts therein stated, and except that the petitioner shall not be liable for costs in the district court nor for costs at any subsequent stage of the proceedings, unless they accrue upon his appeal, and such costs shall be paid out of the appropriation for the expenses of the courts of the United States. If the petitioner shall finally prevail he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit. The district courts are empowered, under the rules of the court governing actions at law, to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order of the division of the Adjustment Board."

6. Washington Terminal Co. v. Boswell, 75 U.S.App.D.C. 1, 124 F.2d 235. Certiorari denied by divided court, 315 U.S. 795, 62 S.Ct. 916, 86 L.Ed. 1197.

case to determine the amount of wages, if any, due Mrs. Ward.

The majority opinion deems the only question involved to be "May a court after an award has been rendered by the Board against a defendant carrier, entertain a suit for declaratory judgment as to the correctness and binding effect of the award?"

If 1 could agree that the foregoing question is the only one involved in this case, I assuredly would answer it as did the lower Court and as did the majority, but I think that implicit in this controversy is the right of the Defendant to have properly and seasonably ascertained the amount of money which it is required under the order of the Railway Adjustment Board to pay. I agree that the lower Court does not have the power to determine the question of whether or not the employee should be reinstated or whether or not she has lost her seniority by her failure to come back to work at the end of her leave of absence, but such a holding would in no wise mean that the Court was without jurisdiction to determine that which the Board did not determine, viz., the amount of compensation or pay that the Railroad should make to the employee.

The following are significant dates and events:

July 9, 1942        Mrs. Ward granted leave of absence from railroad.

October 16, 1943    Mrs. Ward released from Government service.

February 17, 1945   Mrs. Ward applied to the Railroad for reinstatement.

December 3, 1948    Railway Adjustment Board ordered Mrs. Ward reinstated with seniority unimpaired and pay for any loss in wages.

December 18, 1948   Railroad requested statement of earnings, time lost, amount claimed by Mrs. Ward to be due, etc.

July 13, 1949       This suit for declaratory judgment filed by Railroad.

April 10, 1950      Suit in State Court filed by Mrs. Ward to enforce award of Railway Adjustment Board.1

Mrs. Ward's leave of absence expired on October 16, 1943, the day she was released by Colonel Bedell from the Army

work, but she waited sixteen months [February 17, 1945] before she applied for reinstatement. Meanwhile the seniority of regular employees continued to increase to the extent that during the sixteen months there were employees who, under the Union contract, had acquired seniority in excess of that of Mrs. Ward. The record does not show when she instituted proceedings before the Railway Adjustment Board, but she did not procure an order from the Board until December 3, 1948. After procuring that order she failed to furnish a statement requested by the Railroad as to her earnings, losses, time out, etc., which information was essential in order to comply with the Board's order as to the payment of wages. After procuring the order of the Railway Adjustment Board which afforded her the right to apply to the Court to enforce payment, she waited another sixteen months before she filed such suit. Meanwhile, more pay was daily accumulating in her favor for which she was rendering no service to the Railroad.

The Railroad, caught in a cross fire between the Union on the one hand and the Railway Adjustment Board on the other, could not safely reinstate Mrs. Ward with no loss in seniority without violating its agreement with the Union. As I understand it, the position to which she should have been reinstated depended to some extent upon rights of seniority in other employees that had accrued during the interval between the expiration of her leave of absence and the date of her offer to return.

I do not believe the Courts have reached that state of impotency where they cannot declare the rights of the parties when the party, to whom a statute gives a right of recovery, will not furnish the necessary information upon which to calculate the amount due her or the position of seniority to which she should be returned, nor seasonably take steps to have such rights ascertained by the courts.

This suit for declaratory judgment *is not an action under the Railway Labor Act.*

1. It was stated in oral argument by counsel for the Railroad, and not refuted by counsel for Mrs. Ward, that she filed suit against the Railroad on the day of the oral argument before us.

Conceding that under the statute the employee alone has the right to bring suit to enforce the money award, nevertheless, the mere existence of that unexercised statutory right under the Railway Labor Act in one party is not a proscription against the resort by the other party to any competent remedy which some other statute affords to him whereby he may have ascertained the amount which he owes.

This is an actual controversy involving in excess of $3,000.00 which arises under the laws of the United States, and it seems to me that under Prayer No. 6 of the complaint, which seeks the rendition of "such judgments, decrees, and orders as may be proper and equitable in the premises", the Court had jurisdiction—not to set aside the Board's order—but of the controversy to determine the amount due, to the end that there might be compliance with the Board's order. The Federal Rules of Civil Procedure, 28 U.S.C.A., seem to call upon the courts to construe the pleadings so as to do substantial justice, and the fact that a plaintiff may have asked too much or too little is not decisive, but whether, from all the facts asserted, his complaint has stated, or failed to state, a claim entitling plaintiff to relief.

These considerations urge me to the view that the Railway Labor Act did not destroy the jurisdiction of the Court to declare the amount of back pay due Defendant, and instead of sustaining the motion of the Defendant to dismiss the action for want of jurisdiction, the Court should have required the Defendant to file a compulsory counter-claim under Rule 13(a), F.R.C.P.