## MICHEL v. LOUISVILLE & N. R. CO.
### No. 13303.

United States Court of Appeals
Fifth Circuit.
April 11, 1951.

Rehearing Denied May 23, 1951.

Maurice B. Gatlin, New Orleans, La., for appellant.

Harry McCall, Jr., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

The appellant Michel instituted suit against the appellee, Louisville & Nashville Railroad Company, alleging that his discharge from employment by the appellee was an unjustified breach of an employment contract entered into by him with the railroad through his representative, the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station employees. He especially plead and relied upon Rule 19(a) of the contract of

employment.[1]  It was also alleged that by reason of failure to give the notice provided, the prosecution of the charge had become barred.  Damages were sought for breach of the contract.  The defendant-appellee· responded with a motion for summary judgment, by which it was made to appear that the plaintiff had, through a union representative, prosecuted his claim for reinstatement to his former position and pay for time lost before the employer, as required by the agreement, and thereafter before the National Railroad Adjustment Board, Third Division.  Further, that this was done, not only with full knowledge of plaintiff, but as a result of his vigorous insistence that his rights be protected by his union representative, and the institution of the proceeding before the Board expressly approved by letter.[2]  Michel was notified by such representative of the hearing before the Adjustment Board and invited to attend.

The Adjustment Board, stating the "Claim * * * that Mr. J. B. Michel, Depot Ticket Clerk, New Orleans, La., shall be reinstated with seniority rights unimpaired and be reimbursed for wage loss suffered retroactive to April 11, 1946," (the date of dismissal), entered findings that the dismissal was justified.[3]

The response in opposition to the motion for summary judgment is predicated upon a series of correspondence which seeks to establish, in substance, that the union representatives were reluctant to institute the proceeding to secure reinstatement and back pay, and only did so after vigorous prodding on behalf of Michel by his attorney at law (who also represents him upon this appeal) and after action by Michel's local Lodge of the Brotherhood.  Thus there is no substantial dispute as to the facts in the case, though the parties assert contrary conclusions of the legal effect of what is shown.

The motion for summary judgment was sustained and this action is specified as error for four reasons.[4]

The primary question in the case is whether the voluntary submission of the

---

1.  "Rule 19.  Investigation and Discipline.
    "19(a) Filing Charges and Hearing— Employees who have been in the service more than 60 days will not be demerited, disciplined or discharged without just cause.  When such action becomes necessary, the accused shall be duly apprised in writing, Within Ten days After Knowledge of the Occurrence, of the charge that is brought against him, and within ten days after such notification the employee shall be given a full hearing or investigation by the proper officer of the railroad, at which time all evidence in the case shall be submitted.  A proper and full record of the case will be kept and authenticated by both parties and made the basis for any discipline that may be administered, or basis for an appeal to a higher officer.  If the offense is considered sufficiently serious the employee may be suspended during the interim."

2.  In response to notice, Michel wrote the General Chairman a letter, which also showed notation of a copy having been sent to the Third Division of the National Railroad Adjustment Board reading in part as follows:
    "I am very gratified to know that you are going to represent me before the Adjustment Board, and I know that you will see that all of the facts are brought to the attention of the Board, in which case I am satisfied that favorable action will result."

3.  "Findings:  The Third Division of the Adjustment Board, after giving the parties to this dispute due notice of hearing thereon, and upon the whole record and all the evidence, finds and holds:
    "That the Carrier and the Employee involved in this dispute are respectively carrier and employee within the meaning of the Railway Labor Act, as approved June 21, 1934;
    "That this Division of the Adjustment Board has jurisdiction over the dispute involved herein; and
    "That there was no violation of the Agreement, and the dismissal of the Claimant was justified by the showing made."

4.  "1. At a formal hearing before a railroad official, an employee who is charged with misconduct is entitled as a matter of right to be represented by an attorney-at-law.
    "2.  That a Labor Union has reluctantly appealed to the National Railroad Adjustment Board on behalf of a discharged employee does not affect the right of that employee to bring suit as an individual under a contract.
    "3.  The Judicial Power of the United

employee's claim to the Division of the Railroad Adjustment Board having jurisdiction thereof, the prosecution of which was had with the full approval of the employee, and the determination of the claim upon the merits and adverse to the employee's contentions, presented a bar to a subsequent suit upon the same employment contract between the claimant against the carrier in a suit at law for damages.[5] We are of the opinion that under these circumstances, the proceeding before the National Railroad Adjustment Board evidenced an election of inconsistent remedies in that it was an acceptance of one of the two means afforded by law for redress for any grievances or claim arising out of the alleged unjustified discharge of the then claimant, now appellant, Michel.[6]

There would seem to be no occasion here for any detailed discussion of the purpose and effect of the Railway Labor Act, 45 U.S.C.A. Section 151, et seq. This subject has received exhaustive consideration in Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Elgin, J. & E. R. Co. v. Burley, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886; Id., 327 U.S. 661, 66 S.Ct. 721, 90 L.Ed. 928; Washington Terminal Co. v. Boswell, 75 U.S.App.D.C. 1, 124 F.2d 235, affirmed by an equally divided Court, 319 U.S. 732, 63 S.Ct. 1430, 87 L.Ed. 1694, and others which could be mentioned. Suffice it here to say that Congress provided procedure whereby the carriers and their employees might obtain a speedy and just determination of grievances by a body recognized as qualified by experience to settle such disputes by a hearing, which even if informal from the judicial standpoint, nevertheless affords opportunity for presentation and determination of claims by the application of rules and principles developed by experience and well understood by carriers, their employees, and union representatives. Further reference to Slocum v. Delaware, L. & W. R. Co., supra, Order of Ry. Conductors v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318, and the Burley case, supra, manifest the important and significant role of the National Railroad Adjustment Board in effectuating the congressional intent to provide means for the effective settlement of disputes between carriers and their employees. There is, however, no requirement that an employee so prosecute his claim for relief for breach of an employment agreement before the Adjustment Board. He may proceed in the first instance by suit in the Courts to recover damages for breach of the contract. Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, and as further discussed in Slocum v. Delaware, L. & W. R. Co., supra. However, when there is a voluntary election to proceed in the manner provided by the Railway Labor Act, 45 U.S.C.A. § 151 et seq., supra, and the claim pursued to a determination of the merits by the Adjustment Board, this procedure by both right and reason represents an election of remedies which bars the independent suit which was otherwise available to the claim-

States is vested only in the courts, and if it was the intent of Congress to vest such judicial power in an administrative agency, then such action is unconstitutional.

"4. The National Railroad Adjustment Board has jurisdiction only in disputes between Carriers and their employees; and, once an individual is discharged from his position he is no longer a railroad employee, and hence the Board has no jurisdiction over such individual."

5. The charge of improper representation can not be urged to invalidate the effect of the award. Not only did the claimant, though notified, fail to enter an individual appearance, but on the contrary, he expressly insisted upon representation by his union agent after full knowledge of the inexperience and reluctance to prosecute which he now relies upon as a ground of exemption from the effect of the submission to the Adjustment Board which he requested, authorized and ratified.

6. We find no merit in the complaint that the award is vitiated because at the first hearing the appellant's union representative and the carrier's representative construed the employment agreement to provide only that these parties and the claimant in person should participate in the hearing, and consequently declined to permit the claimant's attorney to participate in the hearing.

ant. This construction finds strong support in the statute, especially the provision that "the awards shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award * * *."[7] In any event, it can not be questioned that by the Act Congress has established a forum for the settlement of such disputes to which the employee may resort if he so desires. Consequently, there would appear no reason for not enforcing in such instances the fundamental principle that where one of two inconsistent remedies are available, the election of one precludes recourse to the other. This has been the uniform holdings, correctly we think, of the Courts which have considered this question.[8] It follows therefore that in the present case, it appearing from the uncontradicted facts that the question of whether the discharge of the appellant, Michel, was justified, on the one hand, or constituted a violation of the employment agreement on the other, has, in proceedings in effect instituted and prosecuted by appellant, been determined adversely to his contentions, he is therefore not legally entitled to maintain the present suit upon the same claim.

█ It is asserted, however, that if the provisions of the statute and the award of the Adjustment Board be given the effect just indicated, then the statute is unconstitutional as evidencing a delegation of judicial power to the Adjustment Board. As we have seen, the statute provides the manner or system of procedure, as well as the finality of the result. This case presents the reverse of the question determined in Washington Terminal Company v. Boswell, supra, and New Orleans Public Belt Railroad Comm. v. Ward, 5 Cir., 182 F.2d 654,

in that here the "finality" is operative against the employee, but this, as shown, results from a voluntary submission of the question to the Adjustment Board. It would seem clear that the award of a body, having a function of such importance as that recourse to it is requisite even before the institution of litigation in bankruptcy (Pitney case, supra), or State (Slocum case supra) Courts, is entitled to receive the finality provided by the statute against one who voluntarily invokes its jurisdiction.

As we view the matter, there is no occasion for any examination of the constitutional question sought to be presented, for the appellant having presented and prosecuted his claim, in the manner provided by the statute, which eventuated in an adverse award, must be held by such conduct and election to have waived the right to assail the constitutional validity of the manner and extent of redress afforded by the terms of the statute under which he proceeded. Wall v. Parrot Silver & Cooper Co., 244 U.S. 407, 411, 37 S.Ct. 609, 61 L.Ed. 1229, and citations; Booth Fisheries v. Industrial Comm., 271 U.S. 208, 46 S.Ct. 491, 70 L. Ed. 908, and citations; Eliason v. Wilborn, 335 Ill. 352, 167 N.E. 101, 68 A.L.R. 350, and opinion affirming at 281 U.S. 457, 50 S.Ct. 382, 74 L.Ed. 962. We therefore do not consider the attack upon the constitutionality of the statute.

The remaining point relied upon by the appellant is determined adversely to his contentions by our ruling upon the primary question. The judgment of the trial Court sustaining the motion for summary judgment was proper, and it is

Affirmed.

7. 45 U.S.C.A. Sec. 153(m); New Orleans Public Belt Railroad Comm. v. Ward, 5 Cir., 182 F.2d 654.

8. Reynolds v. Denver & Rio Grande Western R. Co., 10 Cir., 174 F.2d 673; Kelly v. Nashville, Chattanooga & St. Louis Ry., D.C., 75 F.Supp. 737, and cases cited; Ramsey v. Chesapeake & O. R. Co., D.C., 75 F.Supp. 740, and citations; Hecox v. Pullman Co., D.C., 85 F.Supp. 34.