Walter R. GREENWOOD, also known as James R. Latshaw, Plaintiff,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Defendant.

No. 16650.

United States District Court, S. D. California, Central Division.

Feb. 28, 1955.

Hildebrand, Bills & McLeod, Los Angeles, Cal., for plaintiff.

Robert W. Walker and Richard K. Knowlton, Los Angeles, Cal., for defendant.

HALL, District Judge.

Plaintiff's complaint is in two causes of action. Each cause of action seeks damages, general and punitive, in the total sum of $125,000 for alleged wrongful discharge of the plaintiff by the defendant.

The first cause of action is based on Sections 5 and 10 of the Federal Employer's Liability Act, 45 U.S.C.A. §§ 55 and 60.

The second cause of action is a common count for wrongful discharge in violation of the plaintiff's contract of employment.

The defendant has filed motion for summary judgment pursuant to Rules 12 (b) and 56, Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the complaint fails to state a claim on which relief can be granted.

■ Section 10 of the Federal Employers' Liability Act, 45 U.S.C.A. § 60, is not applicable and gives no right of action to the plaintiff. It is a section providing criminal penalties to be imposed upon an employer on his conviction of the offense therein prescribed, which is for an employer by any rule, regulation or device whatsoever to prevent employees from giving voluntary information to a person in interest as to the facts incident to the injury or death of any employee.

■ Even if Section 60 were applicable, there are no allegations in the complaint that the defendant did anything to prevent plaintiff or anybody else from giving any information to anyone about any injury to or death of any employee of the defendant.

Section 55 of the Act provides: "Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void." The plaintiff attempts to bring himself within the provisions of Section 55 by alleging that while employed by the defendant, he sustained an injury, and thereafter filed an action in the Superior Court of the State of California, under Section 1 of the Federal Employers' Liability Act, 45 U.S.C.A. § 51, and that he was thereafter discharged by the defendant. The theory of the plaintiff is that his discharge was a "device" which is denounced by Section 55, and for which the section gives him a right of action for wrongful discharge.

■ Section 55 provides simply that any "device" by which the carrier attempts to exempt itself from any liability *"created by this chapter"* shall to that extent be void. The liability created by the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., is a liability on the part of the employer to the employee for death or injury resulting in whole or in part from the *negligence* of any of the officers, agents or employees of the carrier, or from defects in appliances, etc., due to its negligence. There is no "liability" created to continue a man in the carrier's employment.

■ Plaintiff's complaint, while alleging the injury, does not seek to recover damages for that injury. There is nothing in the first cause of action of plaintiff's complaint which can be related in any manner to any liability *created* by the Federal Employers' Liability Act. The fact is, as is shown by the supporting papers on the motion for summary judgment, which is not denied, that the plaintiff recovered a judgment against the defendant under the Federal Employers' Liability Act for personal injuries for $14,500, which judgment was paid. Thus his discharge did not prevent the enforcement by the plaintiff against the defendant of its liability created under the Federal Employers' Liability Act, and cannot be said to be a device whereby the defendant attempted to avoid such liability.

As to the first cause of action, the material fact, in addition to the allegations of the complaint, concerning which there is no genuine issue, is that the plaintiff did recover his judgment for his injury under the Federal Employers' Liability Act. There is, therefore, no genuine issue as to any material fact.

The defendant has chosen to make a motion for summary judgment on the ground that the complaint fails to state a claim upon which relief can be granted, which ground is subdivision (6) of Rule 12(b) of the Federal Rules of Civil

Procedure. That rule also provides: "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

The recovery of the judgment is not shown by plaintiff's complaint; it is shown by defendant's affidavit. Plaintiff having had an opportunity to do so did not deny it. It was not excluded by the court.

For the foregoing reasons, there is no genuine issue as to any material fact concerned with the first cause of action, and the defendant is entitled to a summary judgment as a matter of law, which is ordered granted.

■ As above noted, the second cause of action is for wrongful discharge contrary to the terms of the contract of employment between the plaintiff and the defendant. The complaint does not set forth any contract of employment, either oral or written. The defendant, in support of its motion for summary judgment, has set forth the Yardman's Agreement between plaintiff's Union and the defendant, as being the contract of employment. If plaintiff possessed contrary evidence, he was bound to present it. Gifford v. Travelers Protective Ass'n, 9 Cir., 1946, 153 F.2d 209, at page 211; Fletcher v. Krise, 1941, 76 U.S.App.D.C. 266, 120 F.2d 809, 811, certiorari denied 314 U.S. 608, 62 S.Ct. 88, 86 L.Ed. 489. The plaintiff has not denied that such is the contract of employment. Indeed, it is difficult to see how the plaintiff could deny that it was the governing contract of employment because in further support of the defendant's motion to dismiss, it has attached the record of the proceedings taken under the terms of that contract before the company officials, and the subsequent appeal to the National Railroad Adjustment Board, under the provisions of Section 153 of Title 45 United States Code Annotated. The record of those proceedings show that the plaintiff was represented by his Union; that the matter was in all respects regular in procedure, and that on the 13th day of April, 1953, the First Division of the National Railroad Adjustment Board denied the plaintiff's claim to reinstatement and claim of wrongful discharge.

The question for decision is whether the plaintiff is precluded from maintaining the second cause of action for wrongful discharge in view of his election to pursue his remedies under the National Railway Labor Act.

Under Moore v. Illinois Central Railroad Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, the plaintiff need not have followed the administrative procedure set forth in the National Railway Labor Act, but could have filed his suit.

■ Having voluntarily decided, however, to pursue his administrative remedy, under the terms of his contract and of the National Railway Labor Act, through to a final decision by the National Railroad Adjustment Board, the plaintiff is now precluded from maintaining his second cause of action.

The National Railway Labor Act, 45 U.S.C.A. § 153(1)(m), provides: "A copy of the award shall be furnished to the respective parties to the controversy, and the awards shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award." Section 153(1)(p) sets forth the procedure for the review of such an award in the appropriate district court. But the within case is not a proceeding under that section. It is an independent cause of action for wrongful discharge.

As stated by the court in Kelly v. Nashville, Chattanooga & St. Louis Ry., D.C.E.D.Tenn., 1948, 75 F.Supp. 737, at page 739:

"If one who is aggrieved and entitled to the benefits of the Act places his grievance for adjudication by

the Adjustment Board upon merit, his voluntary action thereby fixes exclusive jurisdiction. In other words, such person may take the remedies provided by the Act, or he may bring his suit in a court. He cannot do both. The award of the Board and the judgment of a court are equally final."

The 10th Circuit in Reynolds v. Denver & Rio Grande Western R. Co., 1949, 174 F.2d 673, at page 675, had the following to say concerning the finality of such an election:

"The Railway Labor Act, § 3, subd. 1(m), 45 U.S.C.A. § 153, subd. 1(m), in part, provides that awards of the several divisions of the Adjustment Board 'shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award.' It would seem that this language is clear and susceptible only of one construction, namely, that in cases other than where a money award is made the judgment of the Board is final and binding upon the parties thereto. This is the construction which has been placed upon the provisions of the act by the courts which have considered this question."

See, to the same effect, Michel v. Louisville & N. R. Co., 5 Cir., 1951, 188 F.2d 224; Berryman v. Pullman Co., D.C.W. D.Mo., 1942, 48 F.Supp. 542; Ramsey v. Chesapeake & Ohio Railroad Co., D.C. N.D.Ohio, 1940, 75 F.Supp. 740; Futhey v. Atchison, T. & S. F. R. Co., U.S.D.C. N.D.Ill., 1951, 96 F.Supp. 864; and Austin v. Southern Pacific Co., 50 Cal.App. 2d 292, 123 P.2d 39.

There is no genuine issue as to any material fact concerning the second cause of action, and for the foregoing reasons, the motion for summary judgment should be, and is, hereby granted as a matter of law.

The findings of fact submitted by the defendant go much further than as indicated herein. They find as a fact on the merits that the plaintiff was not wrongfully discharged. Under the within ruling, the court does not reach that issue. Counsel will prepare findings, conclusions and judgment in accordance with the within memorandum, and serve the same under the Rules.

United States District Court,
S. D. California, Central Division.

Feb. 28, 1955.

Hildebrand, Bills & McLeod, Los Angeles, Cal., for plaintiff.

Robert W. Walker and Richard K. Knowlton, Los Angeles, Cal., for defendant.