**S. L. McCRACKEN, Plaintiff,**

v.

**PENNSYLVANIA RAILROAD,**
**Defendant.**

**Civ. A. 12728.**

United States District Court
W. D. Pennsylvania.

Nov. 15, 1955.

Dalzell, Pringle, Bredin & Martin, Pittsburgh, Pa., for plaintiff.

Miller & Benton, Hollidaysburg, Pa., for defendant.

McILVAINE, District Judge.

In this action, S. L. McCracken asks relief from an adjudication by the National Railway Adjustment Board, Third Division. He seeks to accomplish this by having filed, at this number, a petition setting forth exceptions to award and asks for a rule on the defendant, Pennsylvania Railroad Company, to show cause why the findings should not be opened and set aside. This was filed on September 23, 1954.

On January 20, 1955, the defendant company filed an answer to the petition and the rule to show cause.

In the petition, Mr. McCracken alleges that he is a resident of Blair County, Pennsylvania; that his employer, the Pennsylvania Railroad, defendant herein, improperly held him off his employment since September 3, 1943, in violation of his contract; that the claim was submitted to arbitration before the National Railway Adjustment Board; that a hearing was held and the decision of the Board was that the defendant herein had not violated its contract with the petitioner.

The petitioner then takes exceptions to the award on the grounds that he was re-

fused the right to testify and produce witnesses and that the Board committed plain mistake in their findings of fact and conclusions of law.

When this case came on for argument petitioner in his brief stated as follows:

"Petitioner is not seeking to set aside the former proceedings, but merely requesting that this Court refer the matter back to the Board for further hearings * * *."

Apparently he is not seeking to have the award set aside as set forth in his petition, but is seeking an order from this Court directing the National Railway Adjustment Board to conduct further hearings. However, the National Railway Adjustment Board has not been joined as a party to these proceedings. It seems exceedingly doubtful how this Court could order the Board to conduct further hearings if the Board is not a party to this so-called action that the plaintiff has attempted to institute by a petition for a rule to show cause.

Judge Learned Hand clearly set forth the limitations on the power of a Court in Alemite Manufacturing Corp. v. Staff, 2 Cir., 1939, 42 F.2d 832, when he stated that:

"* * * no court can make a decree which will bind any one but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. If it assumes to do so, the decree is pro tanto brutum fulmen, and the persons enjoined are free to ignore it. It is not vested with sovereign powers to declare conduct unlawful; *its jurisdiction is limited to those over whom it gets personal service, and who therefore*

*can have their day in court. * * *"* (Emphasis added.)

We think what Judge Hand said in that opinion clearly governs the situation before the court.

Inasmuch as the petitioner is seeking an order requiring the National Railway Adjustment Board to conduct further hearings and that Board is not before this Court, the petition filed herein must be dismissed.

We do not mean to infer by this opinion that we approve the practice adopted by the petitioner of filing a petition for a rule to show cause as a means to initiate this action.

Even if the National Railway Adjustment Board were a defendant and a complaint filed, it is doubtful that relief could be granted, for under the Railway Labor Act, 45 U.S.C. § 151 et seq., awards of the Board are final and binding upon both parties to a dispute excepting insofar as they contain a money award. Reynolds v. Denver & Rio Grande Western R. Co., 10 Cir., 1949, 174 F.2d 673; Berryman v. Pullman Co., D.C.W.D.Mo.1942, 48 F.Supp. 542, 543. The award in the within case contained no money award. The case of Dahlberg v. Pittsburgh & L. E. R. Co., 3 Cir., 1943, 138 F.2d 121 which petitioner cites, is of no help to his position, as that was not a case to set aside an award, but rather to enforce an award. In the latter situation the courts do have jurisdiction.

Certainly in the lack of any real constitutional questions being raised, it seems that to either review the findings of the National Railway Adjustment Board or to remand this case to the Board would be to exercise a jurisdiction we do not possess.