230 F.2d 798
 William W. COATS, an Individual, Appellant,
v.
ST. LOUIS-SAN FRANCISCO RAILWAY CO., Alabama, Tennessee & Northern Railroad Co., and International Association of Machinists, Appellees.
 No. 15779.
 United States Court of Appeals Fifth Circuit.
 March 16, 1956.
 
 Dempsey F. Pennington, Birmingham, Ala., for appellant.
 E. T. Brown, Jr., Birmingham, Ala., Donald W. Fisher, Richard R. Lyman, Toledo, Ohio, Jos. F. Johnston, Hugo L. Black, Jr., Birmingham, Ala., Clarence M. Mulholland, Toledo, Ohio, Cooper, Mitch & Black, Birmingham, Ala., Mulholland, Robie & Hickey, Toledo, Ohio, of counsel, for appellees.
 Before BORAH, TUTTLE, and JONES, Circuit Judges.
 JONES, Circuit Judge.
 
 
 1
 William W. Coats, the appellant, in his complaint filed in the District Court, basing jurisdiction on diversity of citizenship, designated as defendants the St. Louis-San Francisco Railway Company (The Frisco), the Alabama, Tennessee & Northern Railroad Company (the A T & N), and International Association of Machinists (the Union). He asserted that he had been employed by the A T & N at York, Alabama, from October 29, 1923, to March 29, 1951, on which date he said he was discharged without just or legal cause and as a result of the separate and concerted actions of the defendants, who are the appellees here. Damages in the amount of $30,000, with counsel fees, costs and disbursements, were demanded. The Union moved to dismiss or in the alternative for summary judgment. The Frisco and the A T & N filed a similar motion and coupled with it a motion for more definite statements.
 
 
 2
 The collective bargaining agreement between the Union, of which appellant was a member, and the A T & N required that if there was a grievance resulting in a failure to agree, "the case shall then be handled in accordance with the Railway Labor Act [45 U.S. C.A. § 151 et seq.]" That Act provides for submission to the National Railroad Adjustment Board and that its awards shall be final and binding except in so far as they shall contain a money award. 45 U.S.C.A. § 153, subd. 1(m).
 
 
 3
 From affidavits filed with the motions it appeared that the appellant had sought from the National Railroad Adjustment Board an award against the two railroads of reinstatement to the same position he had held or one similar, with back pay, or for such other relief as he might be entitled. Before the Second Division of the Board he asserted, as he asserted in the complaint in the record before us, that he was wrongfully discharged. It appears the Frisco acquired substantially all of the stock of the A T & N and from January 1, 1949, controlled its operations although separate corporate identities were maintained. On March 26, 1951, the A T & N posted a notice that the job of "air brakeman" was being abolished. This was appellant's job classification and he was the only employee having such classification. Such air brake work as was thereafter done, and it had greatly decreased during recent years, was performed by carmen and machinists. Following a full hearing, the Board made detailed findings. It found, among other things, that appellant was not discharged, that the A T & N was justified in abolishing the job of air brakeman, and that he was a furloughed employee. The appellant's claim was denied. The District Court, citing Michel v. Louisville & Nashville Railroad Co., 5 Cir., 1951, 188 F.2d 224, certiorari denied 342 U.S. 862, 72 S.Ct. 87, 96 L.Ed. 648, granted the motion for summary judgment and dismissed the cause on the merits.
 
 
 4
 The appellant urges that the collective bargaining agreement under which he was employed was governed by Alabama law, and that it required exhaustion of administrative procedures before seeking a remedy in the courts. So reasoning, he contends that his submission to the Board was not voluntary and on this basis he would distinguish the Michel case, supra. He cites Bell v. Western Railway of Alabama, 228 Ala. 328, 153 So. 434, the holding of which is that a railway employee who had not submitted a grievance arising under a collective bargaining agreement to the Railway Adjustment Board cannot maintain an action in court. The appellant relies upon the case as authorizing an action in court following a proceeding before the Board. We do not think that the rule advocated by the appellant necessarily follows the Bell decision but we find it unnecessary to decide the point. From this deduction the appellant turns to Transcontinental & Western Air, Inc., v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325, holding that where applicable state law required, a discharged railway employee must exhaust administrative remedies provided by the contract before instituting any proceedings in the courts. Whether required by the law of Alabama or by the agreement made under the Railway Labor Act, 45 U.S.C.A. § 151 et seq., the submission to the Board was of a question within the Board's jurisdiction and its award, by the terms of the Act, is final and binding. 45 U.S.C.A. § 153, subd. 1(m). Is this provision a valid one, and by what law is its validity to be determined?
 
 
 5
 Sigfred v. Pan American World Airways, Inc., 5 Cir., 1956, 230 F.2d 13, would seem to control the case now before us. There a former pilot of a commercial air line was discharged for physical disability. He sued in the Florida court for a determination of his rights under a collective bargaining agreement. On removal to a federal district court he was denied relief until he had exhausted his administrative remedy under the Railway Labor Act, unless he elected to sue for wrongful discharge. He applied without success to the company for payment of salary and an appeal was taken to the Pilots System Board of Adjustment and it denied his claim. He then sued in the district court claiming that the Board incorrectly construed the collective bargaining agreement, and sought damages in an amount equivalent to his salary. The factual parallels between the Sigfred case and this case are apparent. The provisions of the act relating to air carriers are, to the extent here material, the same as those applicable to rail carriers and their employees. In the Sigfred case it was urged that by the law of Florida, where the case arose, agreements to arbitrate are unenforceable and all questions of law in an arbitration award are subject to judicial review. In the Sigfred case it is said:
 
 
 6
 "Congress having required the negotiation of collective bargaining agreements, and the establishment of boards of adjustment to interpret them, we deem it a reasonable corollary thereto that it intended that the scope of review in appeals from these boards should be determined by federal courts, applying federal law. In the light of the declared aims of the Act, we also find it to be the intent of Congress to allow the parties to make the awards of such boards final and binding. Therefore, giving normal effect to these words, we refuse to review a challenged ruling of law, there being no question raised regarding the jurisdiction of the board or the regularity of its proceeding."
 
 
 7
 In the Sigfred case we commented upon two of the leading cases dealing with the question, there saying:
 
 
 8
 "It is finally argued that not every employer-employee dispute falls within the exclusive jurisdiction of the system board. Thus, it was held in Moore v. Illinois Central Railroad Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, that a suit under state law for wrongful discharge could be brought by a former employee, despite the fact that he might also have a right to reinstatement and back pay under the collective bargaining agreement. However, in Slocum v. Delaware, Lackawanna & Western Railroad Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795, the Supreme Court held that a state court has no power to declare rights under a collective bargaining agreement negotiated under the Act, since the statutory procedure in such cases is exclusive."
 
 
 9
 The case of Transcontinental & Western Air, Inc., v. Koppal, supra, holds that the Board does not have exclusive jurisdiction over the claim of an unlawfully discharged employee if the state law provides a remedy. But in seeking relief in court, administrative remedies must be first exhausted if the state law so requires. One who is an employee and who has not been discharged has no right to invoke the jurisdiction of the courts for relief upon a claim growing out of a collective bargaining agreement. The jurisdiction of the Board is exclusive. Slocum v. Delaware, Lackawanna & Western Railroad Co., supra; Order of Railway Conductors of America v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318. It is true that in his complaint the appellant says that he was wrongfully discharged; but the Board found that he was a furloughed employee and not discharged. This finding was amply sustained. Hence we need not determine whether, if the appellant had been discharged, he could relitigate in the courts the matter submitted to the Board or, in an action for wrongful discharge, procure a judicial review of the Board's decision.
 
 
 10
 The appellant, while insisting that the submission to and denial of his claim by the Board does not bar this action against his employer, the A T & N, urges that in any event he should have a judicial remedy against the Frisco and the Union, neither of which was his employer. In the proceeding before the Board, as appears from a copy of its award incorporated into the record before us, the appellant asserted that at the time his job was abolished he was an employee of the Frisco. The finding of the Board was against him. Whether or not the submission by appellant of his claim to the Board was voluntary as in the Michel case, supra, or mandatory as in the Sigfred case, supra, the Board had jurisdiction and its finding and award are final and binding upon the appellant. It being found that appellant was furloughed, not discharged, and that abolishing of the appellant's job and the furloughing of appellant violated no provision of the collective bargaining agreement, it follows that there was no cause of action against the Frisco or the Union, as well as none against the A T & N.
 
 
 11
 The judgment of the district court was correct, and it is
 
 
 12
 Affirmed.