## Hernandez v. National Railroad Passenger Corp.

*Edward M. Nass,* for plaintiff.

*Nolan Atkinson, Jr., Theodore M. Kerrine,* for defendant.

KING, *J.,* November 20, 1984—

## SUMMARY OF PROCEEDINGS

Presently before the court is a motion for summary judgment filed on behalf of defendant, National Railroad Passenger Corporation, a/k/a AMTRAK. The chronology of this case is as follows:

Plaintiff, Franklin Hernandez, filed a complaint in trespass against defendant, AMTRAK, in the United States District Court for the Eastern District of Pennsylvania, on September 21, 1978. Plaintiff alleged that he was injured while performing his duties as a trackman and that AMTRAK was liable under the Federal Employers' Liability Act, 45 U.S.C. §51 et seq. The suit was amicably settled by release in the amount of $30,000 and on April 17, 1979, the District Court dismissed the action with prejudice.

On or about February 3, 1981, plaintiff commenced the present action against AMTRAK. He alleged that AMTRAK's refusal to rehire him constituted discrimination under three Federal Statutes: (1) Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. §2000e et seq. (2) The Federal Employers' Liability Act, 45 U.S.C. §51 et seq. (3) The Civil Rights Act of 1866, 42 U.S.C. §1981.

Defendant filed preliminary objections to plaintiff's complaint on the basis that plaintiff failed to exhaust the administrative remedies provided by Title VII. Defendant also argued that plaintiff's discrimination claim, under 42 U.S.C. §1981, failed to allege that he had been discriminated against on the basis of race. Plaintiff filed an answer to defendant's

preliminary objections and thereafter, reply briefs were filed.

On September 28, 1981, the Honorable Charles L. Durham dismissed defendant's preliminary objections to plaintiff's claim under Title VII and sustained defendant's objection to plaintiff's claim under 42 U.S.C. §1981. The court also granted plaintiff leave to file an amended complaint which plaintiff filed timely. The amended complaint reasserted plaintiff's prior claims and added a second count alleging fraud or mutual mistake in connection with the aforementioned release he signed to settle his first action against defendant.

On July 28, 1982, with the consent of defendant and permission of the court, plaintiff filed a second amended complaint and added a third count alleging retaliatory discharge. Thereafter, defendant again filed preliminary objections to plaintiff's claim under Title VII. The objections were overruled by the Honorable Charles A. Lord on October 19, 1982. Accordingly, defendant filed a petition for reconsideration of its preliminary objections. The petition was denied by Judge Lord on November 11, 1982.

This court is of the opinion that defendant's present motion for summary judgment should be granted.

## ARGUMENT

As set forth in the summary of proceedings, plaintiff's action now consists of three claims:

Count One: Discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.; 42 U.S.C. §1981; The Federal Employers' Liability Act, 45 U.S.C. §51 et seq.

Count Two: Fraud or Mutual Mistake in the procurement of said release.

Count Three: Retaliatory or Wrongful Discharge. Each claim will be addressed separately.

## DISCRIMINATION UNDER TITLE VII

Title VII is a Federal statute available to those persons who suffer injuries on account of unlawful employment discrimination on the basis of race, religion, sex or national origin. As set out in the statute, victims of alleged unlawful employment discrimination must first file a timely charge of employment discrimination with the Equal Employment Opportunity commission. This allows the commission an opportunity to investigate the charge and thereafter urge voluntary compliance with the law through conciliation. If these efforts fail, the commission then notifies the individual of his or her right to bring suit under Title VII. Only after recourse to said remedy proves unsuccessful may the charge become the subject of court action.[1]

In the instant matter, plaintiff did not file a charge of employment discrimination with the Equal Opportunity Employment Commission. Instead, plaintiff argues that his claim is a continuing one and therefore, he need not fulfill the statutory requirements at this point.[2] Plaintiff further argues that the prior rulings of the court dismissing defendant's preliminary objections to said discrimina-

---

1. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

2. See, plaintiff's brief in opposition to defendant's preliminary objections and prayer for leave to file an amended complaint, at p. 5.

tion claim under Title VII have become the law of the case and should not be disturbed.[3]

This court fails to find plaintiff's arguments persuasive. In light of the Title VII requirements and plaintiff's failure to satisfy them, we find little room for argument. Moreover, we see no reason why plaintiff in this case should be allowed to circumvent the requirements of the statute.

The law is well settled. An aggrieved individual must exhaust the administrative remedies provided by Title VII before bringing suit under Title VII. See Peterson v. Lehigh Valley District Council, 453 F. Supp. 735 (E.D., Pa. 1978); Smith v. Joseph Home Co., 438 F. Supp. 1207 (E.D., Pa. 1977); Love v. Pullman Company, 404 U.S. 522, 92 S.Ct. 616 (1972).

Plaintiff further argues that the proceedings dismissing defendant's preliminary objections to the discrimination claim, under Title VII, have become the law of the case and should not be disturbed. In support of this, plaintiff cites Perma Research and Development Company v. Singer Company, 308 F. Supp. 743 (S.D. N.Y. 1970).

In Perma, defendant raised the same arguments, cited the same authorities, and presented identical facts in two motions for summary judgment. The court had previously rejected the first motion. Upon reviewing the second motion, the court noted that, ". . . a decision in a given case is said to be the law of the case and no question previously decided will be decided again. . . ." Id. at 746.

Although plaintiff cites Perma to support its contention regarding prior rulings as the law of the case, the court, in Perma, did not indicate that a

---

3. See, plaintiff's supplemental memorandum of law in opposition to defendant's motion for summary judgment, at p. 5.

subsequent court must be bound by those rulings. On the contrary, the court, in Perma, also noted that, ". . . the law of the case does not readily bind a court to its former decisions, but is only addressed to its good sense . . . its applicability turns on a number of considerations. . . . No questions previously decided will be decided again unless there is *some compelling reason.*" (Emphasis supplied.) Id. at 746.

The compelling reason in the instant matter is clear. Plaintiff in this matter cannot avail himself of the Title VII remedy without first attempting to obtain voluntary compliance with the law through the channels set out in the statute.

## DISCRIMINATION UNDER THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

Section 1981 grants a cause of action to alleged victims of racial discrimination.[4] Section 1981 has been interpreted to prohibit discrimination in employment solely on account of race. See, Johnson v. Railway Express Agency, 421 U.S. 454, 95 S.Ct. 1716 (1975) and Runyon v. McCrary, 427 U.S. 160, 96 S.Ct. 2586 (1976).

Plaintiff in the instant matter has alleged that he was discriminated against by defendant. He does not describe the discriminatory conduct with any degree of particularity. Instead, he argues that he was discriminated against on the basis of his national origin as a ". . . brown skinned person of Hispanic American descent."[5]

Pennsylvania courts have addressed the application of section 1981 with specificity. For example, in Jones v. United Gas Improvement Corp., 68 F.R.D. 1 (E.D., Pa. 1975), the court stated that:

---

4. Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq.
5. See, plaintiff's supplemental memorandum at pp. 5-7.

". . . the provisions of 42 U.S.C. § 1981 are limited in their application to discrimination, the effect of which is to deny to any person within the jurisdiction of the United States any of the rights enumerated in the section to the extent that such rights are enjoyed by white citizens of this nation. Discrimination on other grounds, such as religion, sex, or national origin . . . is not proscribed by the statute." 68 F.R.D. at 15.

Although not exclusive, the law in Pennsylvania with respect to the application of section 1981 is our primary guide. In this jurisdiction, there is no cause of action under section 1981 for those individuals who allege discrimination on the basis of their national origin. Boddorff v. Publicker Industries, Inc., 488 F. Supp. 1107, 1109 (E.D., Pa. 1980); Martinez v. Bethlehem Steel Corp., 78 F.R.D. 125 (E.D., Pa. 1978) and Vera v. Bethlehem Steel Corp., 30 F.E.P., Cases 66 (M.D., Pa. 1978).

## DISCRIMINATION UNDER THE FEDERAL EMPLOYERS' LIABILITY ACT, 45 U.S.C. §55

Section 55 of the Federal Employers' Liability Act states in pertinent part, "Any contract, rule, regulation or device whatsoever the purpose or intent of which shall be to enable any common carrier to exempt itself from liability created by this chapter, shall to that extent be void.[6]

Plaintiff in the instant matter argues that he was refused reemployment with AMTRAK because he had previously filed an action against AMTRAK under the Federal Employers' Liability Act. Continuing plaintiff claims that said refusal by defendant is

---

6. 45 U.S.C.A. §55.

discriminatory and therefore violative of section 55 of the statute.[7]

Courts have specifically held that section 55 of the Federal Employers' Liability Act does not create a cause of action for failure to reemploy an injured employee. Greenwood v. Atchinson, Topeka and Sante Fe Co., 129 F. Supp. 105 (S.D. Calif. 1955); Fox and Exler Consolidated Rail Corp., C.A. no. 83-362 (W.D., Pa. 1983) and Bay v. Western Pacific Railroad Co., 595 F.2d 514 (9th Cir. 1975).

As the court, in Greenwood, supra, stated:

"Section 55 provides simply that any device by which the carrier attempts to exempt itself from any liability created by this chapter shall to that extent be void. The liability created by the Federal Employers' Liability Act, 45 U.S.C. §51 et seq., is a liability on the part of the employer to the employee for death or injury resulting in whole or in part from the negligence of any of the officers, agents or employees of the carrier, or from the defects in appliances, etc., due to its negligence. There is no liability created to continue a man in the carrier's employment." Id. at 107.

## FRAUD OR MUTUAL MISTAKE

Plaintiff in this matter argues that the release signed by him, in his previous action against defendant, is now invalid. He claims that the release was procured through fraud or mutual mistake. In support of these allegations, plaintiff advances two propositions. First: The settlement was reached with the understanding that he would be able to return to work when he was physically able. Second: His claim for damages would have been more than $30,000 if he had been permanently injured.[8]

---

7. See, plaintiff's supplemental memorandum at pp. 7-8.
8. See, plaintiff's memorandum of law at pp. 8-9.

We feel that any questions relative to the validity or invalidity of the settlement release are intimately connected with plaintiff's prior lawsuit against defendant. Moreover, we choose not to unsettle what has ostensibly been settled, i.e., the Federal Court's dismissal of the action based on the release. As previously mentioned, the court, in Perma, supra, made clear that questions previously decided will not be decided again unless there is some "compelling reason." In considering plaintiff's contentions with respect to the settlement release, this court strongly feels that plaintiff would be better served to raise those arguments in the forum where the settlement release was consummated.

## RETALIATORY OR WRONGFUL DISCHARGE

Plaintiff's nal cause of action is one for retaliatory or wrongful discharge. Plaintiff claims that AMTRAK's consistent refusal to rehire him was in retaliation for the plaintiff having brought a prior suit against the defendant for injuries he sustained while performing his duties as a trackman. Continuing, plaintiff argues that his claim for retaliatory or wrongful discharge is governed by Pennsylvania tort law.[9]

In response, defendant AMTRAK argues that the Railway Labor Act (hereinafter R.L.A.), 45 U.S.C. §151 et seq., governs such grievances as the instant one.

The act states, in relevant part, that:

"The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of arguments concerning rates of pay, rules or work-

---

9. See, plaintiff's supplemental memorandum at pp. 10-12.

ing conditions . . . shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to their appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the dispute.[10]

Defendant cites Brotherhood of Railroad Trainmen v. Chicago River and Indiana Railroad, 353 U.S. 30 (1975), for the proposition that employee grievances involving the interpretation or application of collective bargaining agreements or company rules are considered "minor disputes" solely within the arbitration jurisdiction of the National Railroad Adjustment Board. Defendant further argues that the courts have, in most instances where claims such as retaliatory or wrongful discharge arise, deferred to the jurisdiction of the National Railroad Board. Andrews v. Louisville and Nashville Railroad, 406 U.S. 320 (1972); Union Pacific Railroad v. Sheehan, 439 U.S. 89, 94 (1978); United Steel Workers v. Union Railroad, 648 F.2d 905 (3rd Cir. 1981) and DeLaRosa Sanchez v. Eastern Airlines, Inc., 574 F.2d 29, 32 (1st Cir. 1979).

In Andrews, supra, a former railroad employee brought an action in state court seeking damages for wrongful discharge because the railroad refused to allow him to return to work after an acident. The railroad removed the case to Federal Court and then moved to dismiss the complaint on the ground that the plaintiff failed to exhaust the administrative remedies required by the R.L.A. The Supreme

---

10. See, defendant's reply memorandum of points and authorities in support of its motion for summary judgment.

Court agreed, reasoning that, ". . . the fact that the petitioner characterizes his claim as one for 'wrongful discharge' does not save it from the R.L.A. mandatory provisions for the processing of grievances." 406 U.S. 323-24.

Despite any factual dissimilarities between Andrews and the instant matter, this court finds the reasoning in Andrews persuasive and relies on it in holding that the plaintiff in this matter should have exhausted the administrative remedies provided by the R.L.A. Moreover, we agree with these courts which refuse to allow grievances such as the instant one to circumvent the R.L.A. See, Carson v. Southern Railway, 494 F. Supp. 1104 (D.S.C.) and Boggs v. Consolidated Rail Corp., 112 L.R.R.M. 2295 (E.D., Pa. 1982).

## ORDER

And now, this November 20, 1984, upon consideration of defendant's motion for summary judgment and any response thereto, it is hereby ordered and decreed that the complaint be dismissed with prejudice.